UNITED STATES v. CHASE NAT. BANK.

(Circuit Court of Appeals, Second Circuit. March 13, 1918.)

No. 190.

1. UNITED STATES ⬤══89—ACCEPTANCE OF BILL—REPUDIATION.

The United States can no more repudiate its acceptance, and recover what its Treasurer paid on a bill with the drawer's name forged, than can a private person.

2. BILLS AND NOTES ⬤══296—FORGED BILLS—BILL PAYABLE TO BEARER.

Where a sergeant, who assisted a disbursing officer of the army, forged the officer's name as drawer and indorser of a draft made payable to the order of such officer, a bank, which received the draft in due course from the institution which cashed it, did not guarantee the forged indorsement of the officer's name, for under Negotiable Instruments Law N. Y. (Consol. Laws N. Y. c. 38) § 28, subd. 3, such draft was payable to bearer, as it was payable to the order of a fictitious or nonexisting person, and such fact was known to the sergeant, who made it so payable.

In Error to the District Court of the United States for the Southern District of New York.

Action by the United States against the Chase National Bank. A judgment for defendant was entered on direction of verdict in its favor (241 Fed. 535), and the United States brings error. Affirmed.

Lieutenant E. V. Sumner, United States Army, was quartermaster at Ft. Ethan Allen, Vt., and as such a disbursing officer having authority to draw drafts or checks on the treasury of the United States. Sergeant Howard was his pay clerk, and as such known at a national bank in the nearby city of Burlington. Howard drew on the usual official blank, a draft on the Treasurer of the United States to the order of Lieutenant Sumner, apparently signed by Sumner as quartermaster, and by him indorsed in blank. In fact, Howard forged the name of Sumner both as maker and indorser, and then cashed his forgery over the counter at the said bank in Burlington. That institution, in usual course, indorsed the draft to defendant (its New York correspondent), which presented it and received payment from the Treasury. The forgery having been discovered, the United States brought this suit to recover the amount paid, as for a payment made under mistake as to facts. Verdict and judgment having been ordered for defendant on the whole case, this writ was taken.

Francis G. Caffey, U. S. Atty., of New York City (Joseph A. Burdeau and John E. Walker, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Rushmore, Bisbee & Stern, of New York City (Charles E. Rushmore and James F. Sandefur, both of New York City, of counsel), for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

PER CURIAM. [1] We have recently pointed out, in United States v. Bank of New York, 219 Fed. 648, 134 C. C. A. 579, L. R. A. 1915D, 797, that the United States can no more repudiate its acceptance, and recover what its Treasurer paid on a bill with drawer's name forged, than can a private person.

[2] The distinction taken on this writ, and said to make a difference in result, is that not only was the drawer's name forged, but so

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

was the indorser's, and it is argued that this first, though .forged, indorsement was guaranteed by the presenting bank, this defendant. But the name used for drawer, payee, and indorser was the same, and of course there was no intent on the forger's part that Lieutenant Sumner should either receive the proceeds of draft or know of its existence; he did intend that the one falsely named as payee should never have any interest in the bill, and such name was inserted as belonging to a man to whom such a draft might naturally be made payable.

Therefore the forged draft was payable to bearer under the Negotiable Instruments Law (in force in Vermont, New York, and District of Columbia), because it was payable to order of a "fictitious or nonexisting. person and such fact was known to the person making it so payable." Bank v. Vagliano Bros., [1891] L. R. App. Cas. 107; Trust Co: v. Hamilton Bank, 127 App. Div. 515, 112 N. Y. Supp. 84; Snyder v. Corn Exchange Bank, 221 Pa. 599, 70 Atl. 876, 128 Am. St. Rep. 780.

Judgment affirmed.