PHOENIX DIE CASTING COMPANY, Respondent, *v.* MANUFACTURERS AND TRADERS TRUST COMPANY, Defendant-Appellant and Third-Party Plaintiff-Appellant-Respondent. BUFFALO SAVINGS BANK, Third-Party Defendant-Respondent-Appellant.

Fourth Department, April 4, 1968.

*Hodgson, Russ, Andrews, Woods & Goodyear* (*Stephen H. Kelly* of counsel), for Manufacturers and Traders Trust Company, appellant-respondent.

*Saperston, Wiltse, Duke, Day & Wilson* (*Warren Radler* of counsel), for Buffalo Savings Bank, respondent-appellant.

*John B. Corcoran* and *William B. Mahoney* for respondent.

GOLDMAN, J. Appellant Manufacturers and Traders Trust Company (called " Manufacturers ") appeals from a denial of its motion for summary judgment dismissing the complaint and from a denial of its motion for summary judgment in the third-party action brought by it against Buffalo Savings Bank (called " Buffalo "). Appellant Buffalo appeals from the same order insofar as it denies its motion for summary judgment dismissing the third-party complaint.

The parties substantially agree as to the facts but disagree as to their legal effect. Briefly stated, plaintiff alleges that a check was drawn on its account with Manufacturers to the order of Braun, an officer of plaintiff; that Braun's indorsement was forged; and that the check was wrongfully charged to plaintiff's account. The instrument was one of plaintiff's regular corporate checks bearing the signature of Braun, as drawer, affixed by a facsimile plate, and payable to Braun individually. The check bore the purported indorsement of Braun " for deposit to the credit of Josephine Kelpin, Incomp., Charles D. Natal, Committee ". The affidavits and documents in the record demonstrate conclusively that the facsimile signature was not affixed by Braun but by an employee of the plaintiff who acted without authority and committed a criminal act by drawing the check, depositing it with Buffalo and later withdrawing the funds.

Appellant Manufacturers denies liability and asserts that Braun's signature as drawer, affixed by the facsimile plate without authority, was made possible through the negligence of the plaintiff. It further alleges that a resolution adopted by the plaintiff directing Manufacturers to honor checks bearing the facsimile signature, regardless of and by whom affixed, absolves

it from liability. As a third defense, Manufacturers alleges that the person who placed the facsimile signature on the check never intended the named payee, Braun, to have any interest in the instrument and that it was payable to bearer.

Manufacturers' third-party action against Buffalo is based on Buffalo's guarantee of the indorsement and agreement to indemnify Manufacturers in the event the indorsement was not regular in any respect. Buffalo's answer set forth four affirmative defenses: (1) that the check was bearer paper paid by it in good faith without knowledge of any irregularity; (2) that the drawer's signature was affixed by an unauthorized person and Manufacturers was negligent in accepting the check; (3) that the unauthorized use of the signature plate was the natural consequence of Manufacturers' permitting plaintiff to use the plate; and, (4) that the loss was due to plaintiff's negligence.

The only issue before Special Term was a question of law. We cannot agree with that court's determination that liability depended upon the nature of the indorsement. The instrument was admittedly made payable to " an existing person not intended to have any interest in it ". Subdivision 3 of section 28 of the Negotiable Instruments Law just quoted specifically provides that when the instrument is so drawn, it " is payable to bearer ". Mr. Braun's uncontroverted affidavit proves he had no interest in the check and the person who drew the check certainly never intended that Braun should have any interest in it. Therefore, even though the drawer's name was forged, we have a check payable to an existing person not intended to have any interest in it which makes the instrument bearer paper (*United States* v. *Chase Nat. Bank,* 250 F. 105; *Trust Co. of America* v. *Hamilton Bank,* 127 App. Div. 515).

Section 42 of the Negotiable Instruments Law provides: " Where a signature is forged or made without authority of the person whose signature it purports to be, it is wholly inoperative * * * unless the party, against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority." Under this section, Manufacturers would be liable to the plaintiff, but it is absolved from liability by reason of the resolution plaintiff filed authorizing the bank to honor any instrument bearing the facsimile signature regardless of who affixed it. Under these circumstances, Manufacturers' motion to dismiss the complaint should have been granted.

Since Manufacturers has no liability to the plaintiff, its third-party action against Buffalo necessarily falls. Buffalo's liability could only be predicated upon a finding that the check was order paper and, therefore, required an indorsement. Buffalo's reli-

470

ance upon the rule of *Price* v. *Neal* (3 Burr. 1354) is not well founded. The principle there enunciated, that a drawee bank cannot recover over against a collecting bank which is the bona fide holder of a check bearing the forged signature of the drawer, has no application to the situation at bar. By reason of the resolution plaintiff filed, the signature of the drawer, concededly affixed by an unauthorized person, was effective as the drawer's signature.

The order should be reversed and summary judgment granted dismissing the complaint and the third-party complaint.

Bastow, J. P., Del Vecchio, Witmer and Henry, JJ., concur.

Order unanimously reversed, without costs, motions granted and complaint and third-party complaint dismissed.