**WILMINGTON TRUST COMPANY, a corporation of the State of Delaware, Defendant below, Appellant,**

v.

**PHOENIX STEEL CORPORATION, a corporation of the State of Delaware, and the Continental Insurance Company, a corporation of the State of New York, Plaintiffs below, Appellees.**

Supreme Court of Delaware.

Jan. 11, 1971.

· Rodney M. Layton and Martin I. Lubaroff, of Richards, Layton & Finger, Wilmington, for defendant below, appellant.

Robert G. Carey, of Prickett, Ward, Burt & Sanders, Wilmington, for plaintiffs below, appellees.

CAREY and HERRMANN, JJ., and SHORT, Vice Chancellor, sitting.

SHORT, Vice Chancellor:

This is an appeal by Wilmington Trust Company (Bank), defendant below, appellant, from an order of the Superior Court denying Bank's motion for summary judgment.

Appellees have moved to dismiss the appeal on the ground that the interlocutory order of the trial court established no legal right and it is, therefore, not appealable. Since our view is to the contrary, as will hereinafter appear, the motion to dismiss is denied. Compare, Diamond State Telephone Company v. University of Delaware, Del., 269 A.2d 52.

The facts are these: In 1965, the Board of Directors of Phoenix Steel Corporation (Phoenix), plaintiff below, adopted resolutions authorizing the Bank to honor and negotiate checks drawn on Phoenix' payroll account which bore facsimile signatures of certain designated officers. The resolutions expressly provided that Bank was "authorized and requested to * * * honor * * * and pay, without limit as to amount and without further inquiry, * * *" checks drawn in accordance with the resolutions and that Bank "shall be fully protected in acting on such authority." In August 1967 an employee of Phoenix obtained a number of authentic, blank Phoenix payroll checks and an authentic Phoenix facsimile signature plate bearing the name of H. A. Rupert, an officer authorized by the resolutions to sign checks on the payroll account by the use of facsimile signature. Between August 7 and August 14, 1967 the employee presented to Bank for payment or deposit nine checks drawn on the payroll account and signed by the Rupert facsimile signature. The checks were honored by Bank and the payroll account debited accordingly. The present action was brought by Phoenix and its insurer, The Continental Insurance Company, for the alleged wrongful negotiation of the nine checks.

In denying Bank's motion for summary judgment the court below held that while the resolutions were not ambiguous and were "clearly on their face designed to protect the bank when a check is presented in apparent normal course in unauthorized affixation factual situations," and while "Phoenix under ordinary conditions would be precluded from denying that the facsimile was authorized," there was nevertheless "a factual question as to whether the bank acted in accordance with reasonable banking standards in honoring checks at issue in the case notwithstanding the fact that the proper facsimile was affixed." The only fact pointed to by the court which could have alerted the Bank to possible unauthorized use of the facsimile was the quality of the signatures on the respective checks, there being, as plaintiffs below say, "a noticeable lack of uniformity in the depth of color and ridge lines made on the face of the checks by the signature plate."

We agree that the resolutions are unambiguous and that their clear purpose was to protect the Bank in unauthorized affixation factual situations. But the court below added a condition to the resolutions, namely, "presented in apparent normal course," which was unwarranted. On the facts here present the "without further inquiry" provision clearly limited the Bank's duty to determination of the authenticity of the facsimile signature. Authenticity is conceded. Bank, therefore, was "fully protected" in honoring the checks involved regardless of the manner of presentment or the quality of the facsimile signatures.

The court below held that there was a factual question of Bank's negligence. Bank argues that assuming negligence on its part it is absolved from liability by the resolutions which, in effect, constitute an indemnification or hold harmless agreement. The argument is persuasive, but since we find nothing in the record which, on the facts, raises an issue of negligence it is unnecessary to place any label on the resolutions or their effect.

The case here presented is one of first impression in this state. There is a dearth of authority elsewhere. The only case cited to us is Phoenix Die Casting Company v. Manufacturers and T. T. Co., 29 A.D.2d 467, 289 N.Y.S.2d 254, reversing

50 Misc.2d 152, 269 N.Y.S.2d 890, in which it was held that a resolution "authorizing the bank to honor any instrument bearing the facsimile signature regardless who affixed it" absolved the bank from liability in a case of misuse of the facsimile plate and required the grant of summary judgment on the bank's motion. The case was decided on the authority of § 42 of the New York Negotiable Instruments Law, identical to then 6 Del.C. § 123, which provided that any forged or unauthorized signature "is wholly inoperative" unless the party "is precluded from setting up the forgery or want of authority." The Uniform Commercial Code 5A Del.C. § 3–404, applicable to the present case, provides: "Any unauthorized signature is wholly inoperative as that of the person whose name is signed unless he ratifies it or is precluded from denying it * * *." Because of the quoted provisions of the resolutions Phoenix is here precluded from denying the signatures on the several checks.

The order denying Bank's motion for summary judgment is reversed and the case is remanded with direction to enter judgment for Bank.