McCORD, Judge.
The trial court in a nonjury trial entered final judgment in the sum of $7,374 in favor of appellee, plaintiff. Appellee’s complaint against appellant was in two counts. The first sought damages in the amount of $7,374 on appellant’s open account. The second alleged damages in the same amount suffered as a result of appellant’s negligence. We affirm.
This case arose as a result of purchases made from appellee by a thief who used purchase orders of appellant which were stolen from appellant. Appellant contended that it was not liable to pay for merchandise it did not receive which was obtained by someone using appellant’s stolen purchase order form.
Competent substantial evidence shows appellee had done business with appellant for a period of several years on a purchase order basis, and over that entire period of time, none of appellee’s invoices had ever been dishonored by appellant prior to the month in question — November, 1977 — when purchases were made from appellee with the stolen purchase order forms. Competent evidence further shows that it was understood and agreed between appellant and appellee that appellee was not required to verify appellant’s purchase orders prior to honoring them. It further shows that appellant had never advised appellees which individuals in its organization were authorized to sign purchase orders and which were not; that appellee did not know all of appellant’s employees who presented purchase orders; that on November 2 or 3, 1977, before presentment of the stolen purchase orders, appellant discovered that two of its purchase orders had been stolen; that appellant did not notify appellee of this theft but did notify other of its radio suppliers immediately after discovering the theft. The evidence further shows that subsequent to appellees honoring the stolen purchase orders, appellant became aware in December, 1977, that an entire numbered book of purchase orders had been stolen from it.
Appellee successfully contended in the trial court that its honoring of the stolen purchase orders was the direct result of appellant allowing various individuals in its employ to make purchases for it with its purchase orders under appellant’s agreement or understanding that appellee would not require verification; that appellant was negligent in failing to notify appellee of the theft of the two purchase orders on November 2 or 3 and such failure prevented appel-lee from protecting itself, which negligence resulted directly in appellee’s loss of its property. We agree. Compare Wall v. Hamilton County Bank of Jasper, 276 So.2d 182 (Fla. 1 DCA 1973). While Wall was a Uniform Commercial Code case and the case sub judice was not, the same rationale for the decision would apply.
AFFIRMED.
MILLS, C. J., and SHIVERS, J., concur.