## MARSHALL v. HARTER et al.

Court of Appeals of Kentucky.

Nov. 6, 1953.

Burwell K. Marshall, Lewis M. Johnson, and James S. Shaw, Louisville, for appellant.

Allen, McElwain, Dinning & Clarke, Louisville, for appellees.

MILLIKEN, Justice.

The appellant, Lora Marshall, sued Dr. John S. Harter and Dr. J. Ray Bryant, eye, ear, nose and throat specialists of Louisville, for clipping an edematous polyp from her vocal cord without her consent, and a jury rendered a verdict for the physicians. The clipping was done on April 28, 1949, and no complaint was made

about it to the physicians until suit was filed nearly a year later. The appellant was referred to these specialists by her personal physician who was unable to make the needed examination, and who had concluded that such an examination was necessary after other tests had failed to reveal the cause of his patient's throat ailment.

The appellant was sent to the appellees for examination with a laryngoscope. According to the physicians and their witnesses, the appellant was informed that their diagnosis would not be complete if they found any abnormality and were not permitted to take a specimen of it for a biopsy to determine whether the abnormality was cancerous. They stated that the appellant consented. On the other hand, the appellant testified that she distinctly informed them that she wanted the laryngoscopic examination, but that there definitely was to be no cutting. The obtention of a clipping from the polyp and a biopsy were the only way of determining the nature of it, and was the routine procedure followed in such cases.

It is not necessary for us to discuss in detail the evidence adduced, but it is necessary for us to reverse the judgment because of the exclusion of certain evidence offered in behalf of appellant bearing on the issue of consent. Dr. Weaver, the family physician of appellant, who referred her to the appellees, would have testified that he told the appellees' receptionist over the telephone when he made the appointment for her that only a direct visual examination of the larynx should be made, that no biopsy was to be performed or cutting done, but the court excluded this testimony. This testimony and that of other witnesses to the same effect supported the appellant's contention that the biopsy specimen was obtained without her consent, and failure to admit it was prejudicial. The receptionist admitted receiving the telephone call from Dr. Weaver making the appointment with the appellees, but did not admit receiving any instruction that no biopsy was to be performed. It was Dr. Weaver's theory that X-ray treatment would be efficacious

without surgery, and, therefore, no biopsy would be necessary. We think that the excluded testimony should have been admitted. As stated by Judge Rees in Walters v. Louisville Water Co., 296 Ky. 511, 513, 177 S.W.2d 889, 890:

"The general rule is that testimony as to the contents of a telephone conversation is not admissible unless there is some proof of the identity of the person with whom the witness talked, but the rule is subject to the well-recognized exception that when a telephone call is made to a business office over a line maintained by it for business purposes, testimony as to a conversation with the person answering the telephone is admissible without further proof of his identity, the presumption being indulged that such person, if he assumes to have authority to receive the message, does have such authority in the absence of proof to the contrary. Bradley v. Illinois Central R. Co., 291 Ky. 25, 163 S.W.2d 26; Theisen v. Detroit Taxicab & Transfer Co., 200 Mich 136, 166 N.W. 901. L.R.A.1918D, 715; Alabama Power Co. v. Jones, 212 Ala. 206, 101 So. 898; Lord v. Lowell Institution for Savings, 304 Mass. 212, 23 N.E.2d 101; Rowan v. State, 175 Md. 547, 3 A.2d 753; Ingraham v. Associated Oil Co., 166 Wash. 305, 6 P.2d 645; Wigmore on Evidence, 3d Ed., volume 7, section 2155 (particularly at page 620)."

The appellees concede the applicability of this rule of evidence to ordinary business affairs, but contend it should not be applied to this situation. They say the receptionist was not the agent of the physicians in professional matters, but only served in a routine office capacity. It is the consensus of the court that the real issue is whether the physicians had notice of the limitations placed upon them by the referring physician, that the excluded evidence is relevant and material to the issue, and is a matter of credibility for the jury. We do not believe that the subsequent, and disputed, conversations between the patient and the

appellees are a basis for excluding the previous conversations. The prior conversations do not merge into the latter ones like prior negotiations merge into a written contract. The conversations are all part of the picture as to whether there was consent, and are grist for the jury's mill.

We will not discuss the instructions in detail, but refer to our recent opinion in Tabor v. Scobee, Ky., 254 S.W.2d 474, for general guidance.

The judgment is reversed.