Carl T. DALTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

March 17, 1972.

Stanley C. Nickell, Greenup, for appellant.

John B. Breckinridge, Atty. Gen., Richard E. Fitzpatrick, Asst. Atty. Gen., Frankfort, for appellee.

PALMORE, Judge.

Carl Dalton appeals from a judgment sentencing him to two years in the penitentiary pursuant to a jury verdict finding him guilty under an indictment which read as follows:

"GREENUP CIRCUIT COURT

COMMONWEALTH OF KENTUCKY

VS                    No. _____

CARL T. DALTON            KRS 433.180
    Defendant(s)

The grand jury charges:

On or about the 28th day of March, 1971, in Greenup County, Kentucky, the above named defendant broke and entered the Storehouse of Greenup County, Kentucky, to-wit: The County Maintenance Garage with the intent to steal therefrom against the peace and dignity of the Commonwealth of Kentucky.

A TRUE BILL

/s/  Wallace C. Reed
            Foreman"

Dalton's first contention is that the indictment should have been quashed upon the ground that the building specified in it is not a "public building" within the meaning of KRS 433.180, the applicable statute being KRS 433.190, which prescribes a penalty of not less than one nor more than five years for what is generally called storehouse breaking. (The penalty under KRS 433.180 is not less than two nor more than 10 years.)

We do not find it necessary to consider whether a county garage is a public building within the meaning of KRS 433.180. The indictment did not state a public offense under that statute anyway, because the criminal act it defines with respect to public buildings is a theft or physical removal of property, whether or not it be accompanied by a breaking. It does not purport to cover the act of breaking, as such, unless of course the building comes within the clause relating to dwelling houses. However, the indictment did state facts constituting the offense of storehouse breaking under KRS 433.190.

RCr 6.10 says that an indictment shall be sufficient if it contains a plain,

concise and definite statement of the *essential facts* constituting the specific offense with which the defendant is charged, and that an error in citation of the statute alleged to have been violated shall not be ground for dismissal or reversal unless it misleads the defendant to his prejudice. Since the factual allegations of the indictment stated an offense under KRS 433.190 the citation of KRS 433.180 was erroneous. On proper motion the Commonwealth could have been required to elect between amending the citation from KRS 433.180 to KRS 433.190 or having the indictment dismissed for failure to state a public offense under KRS 433.180, but we are of the opinion that the inconsistency did not constitute a justifiable ground for outright dismissal of the indictment.

Since the defendant actually raised the question of whether the indictment stated an offense under KRS 433.180, we do not see how it could be said that he was "misled" by the error. It seems most likely that instead of being misled he simply misconceived his remedy. As in the case of RCr 6.10, RCr 6.12 admonishes that an indictment shall not be deemed invalid for an imperfection that does not prejudice the defendant.

■ The erroneous reference to KRS 433.180 did not become prejudicial to the defendant until that stage in the trial at which the jury was first told that the least punishment it could fix upon a conviction was two years in the penitentiary. Usually this would occur during the course of the Commonwealth's opening statement, at which time the question could be raised and preserved for future review by an appropriate objection, but in this instance the record does not disclose the contents of the opening statement. Therefore, according to the transcript, the point first became material when the instructions were given to the jury. The proof showed an actual theft of property from the county garage, but since the indictment was laid specifically in terms of a felonious breaking and entering the only offense for which the instructions could correctly authorize a conviction was the crime of storehouse breaking, under KRS 433.190. Hence they were erroneous, because they authorized a penalty of not less than two nor more than 10 years. (The instructions given by the trial court premised conviction on a felonious breaking and entering *and* an actual theft.) But there was no objection to the instructions, either before they were given or in the motion for new trial.

■ The prejudice to the defendant in this case occurred in the instructions, not the indictment, and it is settled that an error in the instructions will not be reviewed if the defendant neither objects to the instructions nor raises the question in a motion for new trial. RCr 9.54; Hartsock v. Commonwealth, Ky., 382 S.W.2d 861 (1964); and cases cited in Stanley's Instructions to Juries, § 797.

No evidence was offered for the defense. Appellant's conviction was based on testimony of a juvenile accomplice and upon his own pretrial statements to police authorities. At his examining trial before the county judge he entered a plea of guilty, and the county judge and some of the officers who had attended the examining trial gave testimony to that effect. No objection was made to any of this evidence relating to the pretrial statements and the proceedings at the examining trial until the end of the trial, at which time counsel for appellant moved that it be stricken upon the grounds that the inculpatory statements had not been made voluntarily and understandingly and that the procedure at the examining trial had been in violation of his constitutional rights.

■ According to the testimony of the Commonwealth's witnesses, appellant was amply warned of his rights before he made his self-incriminating statements, and he offered nothing at his trial on which the trial court could have found that they had not been properly obtained. So it would not have been an error to admit the evi-

dence even in the face of a timely objection.

A "guilty plea" at an examining trial has no effect in this state except to bind the defendant over until indicted. It does not amount to a confession, and from an evidentiary standpoint it is irrelevant to the subsequent trial on the merits. As appellant argues, its admissibility as evidence against the defendant in the trial would necessarily make the examining trial a critical stage at which the assistance of counsel would be vital. But the fact is that it is not admissible, and it should not have been offered as evidence in this case. It is to be presumed that the trial court would have excluded the testimony upon timely objection. Appellant was not in any way prejudiced by what took place at the examining trial until it was offered as evidence against him, at which time he had the opportunity to object, as in the case of any other trial error.

In the absence of a timely objection or some reasonable justification for the failure to object to evidence when it is offered, a subsequent motion to strike it comes too late. Higdon v. Commonwealth, Ky., 473 S.W.2d 110 (1971).

The judgment is affirmed.

All concur.