**Jackie WILLS, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1973.

Walter B. Smith, Joseph A. Biagi, Shelbyville, for appellant.

Ed W. Hancock, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, Lucien Kinsolving, Commonwealth's Atty., Shelbyville, for appellee.

OSBORNE, Justice.

Jackie Wills was convicted of voluntary manslaughter and sentenced to ten years' imprisonment for the slaying of Allen Wallace. He appealed. We affirm.

On the afternoon of November 7, 1970, Wallace died as a result of a gunshot wound. The events leading up to his death are not in dispute. Wills and Wallace had been arguing bitterly inside a gas station. Wills pulled a gun, but was momentarily restrained by those working at the gas station and friends of Wills. Wallace went outside. Wills followed and a fight began. Wills hit him with the barrel of his gun and as Wallace struggled for the gun both men fell to the ground, Wallace ending up on top of Wills. Wills then fired the shot which resulted in the death of Wallace. During trial, Wills claimed that Wallace

had a knife and Wallace had cut his hand with it.

Wills' first contention is that the trial court erred in overruling his motion for an arrest of judgment based on a defective indictment.

The indictment read:

"On or about the 7th day of November, 1970, in Henry County, Kentucky, the above defendant committed the offense of murder, to wit: Murdered Allen Wallace by shooting him, against the peace and dignity of the Commonwealth of Kentucky."

Wills contends that the omission of the word "willful" constitutes a fatal defect.

We disagree. An indictment is sufficient if it fairly informs the appellant of the nature of the charge against him. The indictment clearly satisfies this criterion. See Dalton v. Commonwealth, Ky., 478 S. W.2d 734 (1972); Wilson v. Commonwealth, Ky., 445 S.W.2d 446 (1969); Runyon v. Commonwealth, Ky., 393 S.W.2d 877 (1965); Davenport v. Commonwealth, Ky., 390 S.W.2d 662 (1965) and RCr 6.-10(2), 6.12.

Wills' second contention is that the trial court erred in overruling his motion for a new trial on the grounds that (a) the verdict was not supported by the evidence; and (b) he was entitled to an instruction on involuntary manslaughter.

Five witnesses testified that the deceased had no knife or weapon of any kind. This was ample, if not overwhelming, evidence to contradict Wills' testimony as to self-defense thus supporting the verdict. The jury could have reasonably concluded his defense was lacking. See Townsend v. Commonwealth, Ky., 474 S. W.2d 352 (1971).

As to appellant's second contention, the law of this Commonwealth is abundantly clear that he was not entitled to an instruction on involuntary manslaughter. We have previously written: "In these situations of mutual combat where one of the participants shoots, knifes, bludgeons or mauls his adversary to death, his acts being intentional and his victim known, an involuntary manslaughter instruction should not be given." See Vinson v. Commonwealth, Ky., 412 S.W.2d 565.

Wills' third attack questioned whether or not the trial court erred in overruling his objection to Commonwealth witnesses' testimony concerning a telephone conversation with appellant. Ed Garrett, one of the men at the gas station who tried to restrain Wills, testified that twenty minutes after the incident Wills called him and asked him not to say anything about the shooting. Garrett testified, over appellant's objection, that he knew it was Wills. In evaluating the admissibility of this evidence, we must give strong credence to the supposition that even if Garrett did not recognize the voice of Wills, no one else would be calling with knowledge of so recent an occurrence? Wills admitted the phone call, during his own testimony.

We believe the testimony sufficiently established the identity of the caller and it was, therefore, admissible. In any event, it was not prejudicial in view of the fact that Wills himself admitted the phone call. See Marshall v. Harter, Ky., 262 S.W.2d 180 (1953); Stephens v. Commonwealth, 304 Ky. 38, 199 S.W.2d 719 (1947) and Chapman v. Commonwealth, Ky., 112 S.W. 567, 33 Ky.Law Rep. 965 (1908).

There is no merit in appellant's other contentions of error. No objection was made to the remarks of the Commonwealth's Attorney during the closing argument either during the trial or in the motion and grounds for a new trial. Matters such as this cannot be raised for the first time upon appeal. Hurt v. Commonwealth, Ky., 379 S.W.2d 726 (1964).

Finally, we believe the rebuttal testimony complained of by appellant was properly admitted. Peters v. Commonwealth, Ky., 477 S.W.2d 154 (1972).

Judgment affirmed.

All concur.