**Otis CLARK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 22, 1956.

Rehearing Denied Sept. 28, 1956.

Otis Clark, pro se.

Jo M. Ferguson, Atty. Gen., William F. Simpson, Asst. Atty. Gen., for appellee.

HOGG, Judge.

Appellant, Otis Clark, having been convicted in 1952 on three felony charges, was confined in the Kentucky State Reformatory in Oldham County to serve three consecutive two-year terms. On May 19, 1954, he escaped from a work detail which had been taken to Jefferson County. After apprehension he was returned to the reformatory on May 22. During that month he was indicted in the Oldham Circuit Court for the crime of escaping from the penitentiary while serving sentence, as denounced by KRS 432.390. Upon trial on

November 2, 1955, he was convicted on the charge and his punishment fixed at three additional years' confinement in the penitentiary.

On this appeal he seeks a reversal upon the following grounds: (1) The court denied him a speedy trial; (2) it erred in overruling his motion to require the Commonwealth to elect which of two charges in the indictment it would prosecute; (3) it erred in overruling his motion to quash the indictment; and (4) the Commonwealth's Attorney made prejudicial remarks to the jury in his closing argument.

As stated, appellant was indicted during the May term of court in 1954 and tried on November 2, 1955. The regular terms of circuit court in Oldham County, as provided by law, begin the fourth Monday in February, the fourth Monday in May, and the fourth Monday in October. The record does not disclose the reason for the delay in bringing appellant to trial. Appellant, by affidavit, shows that he moved to be produced before the court for trial during its May term, 1955.

That a person under indictment is entitled to a speedy trial will not be denied. It is well settled that the right of a speedy trial means that the trial will take place as soon as possible after the indictment, not depriving the prosecution of a reasonable time to prepare its case. 14 Am.Jur. 135. We have no statute in this state prescribing the time within which an accused must be brought to trial. Section 11 of the Kentucky Bill of Rights provides that the accused shall have a speedy trial. Upon consideration of this record we conclude that there was no unreasonable delay in affording appellant a trial on the charge and, therefore, his constitutional right to a speedy trial was not abridged.

We find no merit to appellant's contention that the court erred in overruling his motion to require the Commonwealth to elect. The accusative part of the indictment accused appellant of "escaping from Kentucky State Reformatory while under confinement therein." The descriptive

part of it alleged that he escaped "from custody while confined in the Kentucky State Reformatory."

In KRS 432.390(1) it is provided that any person who, while serving a sentence in the penitentiary, escapes therefrom, or flees from whatever bounds he may be assigned, shall be further confined in the penitentiary for not less than three years, nor more than six years. It will be seen that the statute describes two modes of committing one offense; that is, escaping while imprisoned in the penitentiary, whether it be from the bounds where he had been assigned, or from within the walls of the prison itself. The court properly overruled the motion to elect. Cutter v. Buchanan, Ky., 286 S.W.2d 902.

Appellant's motion to quash the indictment was based on the premise that the offense occurred in Jefferson County where the escape took place, and, therefore, the Jefferson Circuit Court had exclusive jurisdiction to try the case. However, KRS 432.390(3) provides that the circuit court of the county in which the convict was confined, or of the county from which he was sent out under guard to work, shall have jurisdiction. Thus it is seen that the Oldham Circuit Court had jurisdiction of the offense.

Finally, it is contended that the closing remarks of the Commonwealth's Attorney to the jury were prejudicial. During the argument of the case the Commonwealth's Attorney, in substance, stated to the jury that, if they thought the law was too harsh and did not give appellant a sentence, at some other time some one might steal their chattels and a jury in such a case might also decide the law too harsh. He then asked the jury whether they would be satisfied if a jury did not mete out a sentence to such a person who stole their chattels. At another time during the argument, the Commonwealth's Attorney asked the jury to mete out a term of six years to the defendant because it would serve to keep other people from escaping, saying he thought they ought to do it as citizens. We find nothing prejudicial in these statements. Miller v. Commonwealth, 240 Ky. 346, 42 S.W.2d 518; Meredith v. Commonwealth, 148 Ky. 106, 146 S.W. 407.

The judgment is affirmed.