Earl Gordon **BLAIR**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 9, 1970.

Robert G. Lohman, Jr., Louisville, for appellant.

John B. Breckinridge, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

Appellant was convicted of automobile theft and grand larceny and given two five-year terms of imprisonment. On appeal he presents three grounds for reversal. No contention is made that the evidence was not sufficient to support the verdict.

It is first contended appellant was not afforded a speedy trial, as required by section 11 of the Kentucky Constitution. The crimes were committed late in June 1967. Apparently warrants for his arrest were issued but not served upon him. In November he turned himself in to the police. He was indicted in December and his case set for trial February 16, 1968. On that date his counsel withdrew and the case was reassigned to May 15. On that date, on motion of the Commonwealth, it was reassigned to September 24. On July 8 he filed a "petition for intervention" of the United States District Court wherein he asserted he had not been granted a speedy trial. He was tried on September 24.

On this point appellant first asserts that he was denied a speedy trial because he was not *arrested* within a reasonable time after charges were lodged against him. We will not consider this contention because it was never presented to the trial court in any manner, and if appellant was deprived of any rights in this connection, there was a waiver.

With respect to the claim that he was not granted a speedy trial after his indictment, we do not find the delay resulting from two reassignments of his case to have been unreasonable or prejudicial. The reassignment from February 24 to May 15 apparently was caused by the withdrawal of his counsel. The reason for the reassignment on May 15 does not appear, but the order discloses no objection by appellant. Not until July 8 was any action

taken by appellant which could be construed as a demand for trial, and at that time the case had been assigned for trial on September 24.

■ We adhere to the principle that the failure of the accused to demand trial constitutes a waiver. Barker v. Commonwealth, Ky., 385 S.W.2d 671 (1964); LaVigne v. Commonwealth, Ky., 398 S.W.2d 691 (1966). As above noted, what could be considered a demand for a speedy trial was not made until July 8, 1968. The case was assigned for trial two and one-half months later, and it was then tried. We do not consider this unreasonable delay. See Clark v. Commonwealth, Ky., 293 S.W. 2d 465 (1956).

Appellant next contends the trial court erred in permitting the Commonwealth on cross-examination of the appellant to ask the nature of a former crime of which he admittedly had been convicted. When appellant took the stand, his own counsel immediately asked him if he had been convicted of a felony and he answered in the affirmative. On cross-examination the prosecutor asked whether that conviction involved the stealing of an automobile. There was objection, but the court ruled appellant should answer, and his answer was in the affirmative. The court thereupon gave the usual admonition to the effect that this evidence could be accepted only for the purpose of affecting credibility. No further reference to this conviction was made by the prosecutor.

■ We have recently reconsidered the admissibility of evidence relating to prior convictions in Cowan v. Commonwealth, Ky., 407 S.W.2d 695 (1966), and Cotton v. Commonwealth, Ky., 454 S.W.2d 698 (1970). Under these two cases there is no question that the nature of this conviction was such that the *fact* of conviction could be shown as affecting appellant's credibility. The objection is that the *nature* of the crime shown was the same as the one for which appellant was being tried and there was the danger that the jury would find the accused guilty on the present charge because of his prior conviction on a similar charge.

■ In Cotton we said that a defendant could be asked on cross-examination if he had been convicted of "specific offenses". However, that opinion prefaces the statement by pointing out that the trial court should exercise discretion in determining whether the nature of the prior offense should be disclosed to the jury. In view of the fact that appellant himself first brought up this matter in such a way that the significance of the prior conviction was not explained to the jury, and in view of the fact that a proper admonition was given and the Commonwealth did not thereafter place any emphasis on this prior conviction, we cannot say the trial court abused its discretion under the facts of this particular case. Further, in view of the evidence against the appellant (he admitted that when apprehended he was riding in an automobile shown to be stolen), if error was committed, it was not prejudicial.

■ Appellant finally contends the prosecutor deviated from the facts and the testimony in his closing argument. He made no objection thereto. Of course he is precluded from a review here of the alleged misstatements. Koester v. Commonwealth, Ky., 449 S.W.2d 213 (1970).

The judgment is affirmed.

All concur.