Charles **KELLY**, Petitioner,

v.

Honorable **Charles R. RICHARDSON**,
Judge, Nelson Circuit Court,
Respondent.

Court of Appeals of Kentucky.

April 2, 1971.

Charles Kelly, pro se.

MILLIKEN, Chief Justice.

This is another instance of a convict requesting dismissal of pending charges against him because of an alleged violation of his right to a speedy trial. Unlike some previous petitioners he does state how long the warrant-detainer has been pending against him—since August 1969. However, this case lacks some of the factors which compelled the Supreme Court to say that charges against the petitioner in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970) should be dismissed.

Here, the petitioner does not indicate in what respect he is prejudiced by the delay of the trial whereas the petitioner in Dickey made a showing that because of such a delay his defense was prejudiced by the death of two potential witnesses, unavailability of another, and loss of police records. In Dickey the Supreme Court found no valid reason for delay. In this case, however, the respondent's answer indicates a heavy burden of litigation requiring the attention of the Commonwealth's attorney as well as difficulty in securing the presence of the petitioner's co-defendants so that all three may be tried together. (One is imprisoned in Indiana and the other has failed to answer to the indictment and his bail bond forfeiture has been asked.) Recently in Parker v. Commonwealth, Ky., 465 S.W.2d 280 (1971) we pointed out some of the factors to be considered in ruling on motions for a speedy trial and conclude that the petitioner has not presented enough to justify our interfering with the trial court and the prosecutor at this time. They must have an opportunity to adapt these situations and demands to the state of their dockets. The petition for mandamus is denied.

All concur.