Greg Allen IVEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

April 22, 1977.

Henry E. Hughes, Tackett, Keller, Hughes & Roney, Lexington, for appellant.

Sam E. Isaacs, II, Asst. Atty. Gen., Frankfort, Patrick H. Molloy, Commonwealth's Atty., Lexington, for appellee.

Before MARTIN, C. J., and GANT and LESTER, JJ.

MARTIN, Chief Judge.

Greg Allen Ivey appeals from a judgment of conviction in the Fayette Circuit Court. He was given a sentence of 20 years for the offenses of burglary, detaining a female, malicious striking and wounding and armed robbery. Ivey contends that he has been deprived of his right to a speedy trial in violation of Section II of the Kentucky Constitution and the Sixth Amendment to the United States Constitution.

The defendant was arrested and taken into custody on charges of attempted rape, robbery, assault and battery, burglary and storehouse breaking on October 31, 1974. On November 6, 1974, Ivey, a sixteen year old, was arraigned in Fayette Juvenile Court. November 20, 1974 was set for a hearing on the prosecutor's request to waive the charges to the grand jury. On November 10, 1974, Ivey escaped from the Fayette County Jail and fled to Massachusetts.

In December, 1974 Ivey was arrested in Massachusetts on certain criminal charges there and was imprisoned in a Massachusetts correctional institution under the alias William Parker. Kentucky authorities, learning of his confinement, placed a detainer against him on February 21, 1975. On April 4, 1975, Ivey filed a request for disposition of charges and a waiver of extradition with the Commonwealth Attorney in Fayette County. On November 17, 1975, he became 18 years of age and was no longer a juvenile under Kentucky law.

Following Ivey's parole in Massachusetts on March 3, 1976, he was returned to Kentucky to be tried on the 1974 charges. He appeared before the Fayette Juvenile Court on March 5, 1976, and this Court declined jurisdiction since he was no longer a minor. On April 19, 1976, Ivey was indicted by a grand jury in Fayette Circuit Court for burglary, detaining a female, malicious striking and wounding and armed robbery. Ivey's motion to dismiss these charges was overruled on May 7, 1976, and on May 24, 1976, he was tried by a jury and convicted on all four counts. The total time, which expired from the date on which Ivey filed his request for disposition of the charges until the time at which he was tried, was eleven months.

The leading case in the area of speedy trial which interprets the requirements of the Sixth Amendment is *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the Court identified four factors involved in determining whether conviction will be reversed for denial of Sixth Amendment rights:

A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right . . . Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.

In the case before us, it is admitted that Ivey did assert his right to a speedy trial by

his request for disposition of the charges submitted to the prosecutor on April 4, 1975. He contends that the failure to grant this request resulted in prejudice to his defense. The various types of prejudice which most commonly result from delay are set forth, but appellant points out no specific problems with respect to preservation of evidence or death of witnesses which occurred in his own case. Thus, as the Court held in *United States v. Bray*, 442 F.2d 1064 (9th Cir., 1971), no prejudice can be found on the basis of those arguments alone without facts to support his contentions.

The main thrust of the appellant's argument with respect to prejudice, however, is that treatment as a juvenile is a constitutional right and because his case did not receive such handling he was sentenced to a twenty-year prison term instead of being committed to the Kentucky Department for Human Resources until he was twenty-one.

There was no guarantee that appellant would have ever been treated as a juvenile at the time he was originally arrested. He was over sixteen years of age and had been charged with committing four serious felonies. The right he possessed as a juvenile was the right to a hearing before the Juvenile Court of Fayette County to determine whether he should be waived to the grand jury for trial as an adult or whether the Juvenile Court should retain jurisdiction. A date for such a hearing had been set, and the hearing would have been held if Ivey had not escaped from custody.

As pointed out in 21 Am.Jur.2d, Criminal Law § 252:

A defendant's rights under a constitutional provision guaranteeing speedy trial, or under statutes implementing that guaranty, are not violated by a delay caused by his own condition or conduct . . . an accused cannot take advantage of a delay for which he was responsible, whether caused by action or inaction on his part. This is true where delay is caused by his absence from the state, by his becoming a fugitive from justice, or by his failure to appear for arraignment or trial.

In *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the Supreme Court held that the Sixth Amendment right to a speedy trial, as made obligatory to the states by the Fourteenth Amendment, cannot be dispensed with by a state court merely because the accused under a state charge is serving a prison sentence imposed by another jurisdiction.

In the present case, the delay does not appear to be unreasonable. Ivey had of course not advised the Kentucky authorities of his location, and he was being held in Massachusetts under an alias. In *Byrd v. Commonwealth*, Ky., 509 S.W.2d 261 (1974), the Court, which was unconvinced by the appellant's argument that he was prejudiced by the delay because of the inability to secure the presence of favorable witnesses, refused to reverse for a one year and nine month delay. In *Kelly v. Richardson*, Ky., 469 S.W.2d 700 (1971), there was no indication of prejudice and various reasons for delay were given. There the Court held that a 20 month delay during which a detainer was pending was not reversible error. In *Clark v. Commonwealth*, Ky., 293 S.W.2d 465 (1956), cert. den., 353 U.S. 923, under the speedy trial provisions of the Kentucky Constitution, it was held that a delay between a May, 1954 indictment and a November, 1955 trial, was not reversible error.

When you apply the balancing test in *Barker v. Wingo, supra*, by taking into consideration the complexity of this case and the fact that Ivey, by his escape, caused most of the delay, there was no denial of a speedy trial.

■ Ivey's other contention on this appeal is that the Circuit Court had no jurisdiction to try him as an adult on the charges pending against him. He attempts to bring this case within the holding in *Ferguson v. Commonwealth*, Ky., 512 S.W.2d 501 (1974). Both parties concede in the present appeal that when juvenile charges are pending, a minor who becomes 18 after the commission of the crime charged may be tried as an adult. Ivey contends in the present appeal that the prosecutor in Fayette County delayed pro-

188

ceeding against him until he was 18. He further contends that this delay deprived him of a constitutionally protected right of a trial as a juvenile. He contends denial of this right divests the Circuit Court of jurisdiction. Such a contention is meritless. The record clearly supports the conclusion that every available step was taken to insure that the defendant Ivey received a speedy and fair trial.

The judgment of the Circuit Court is affirmed.

All concur.