Joseph J asp an, J.
The signature of one corporate officer on blank checks has given rise to a unique legal problem, tested by a motion to dismiss the indictment herein.
The defendant and one Sidney Kaufman were officers and equal stockholders in a corporation financed entirely by Kaufman. The defendant had the expertise and by agreement was the active manager of the business with Kaufman content to be the "silent partner”. All checks of the corporation were to be issued only upon the signature of both officers. However, because Kaufman was otherwise engaged and visited the business only once a week, he accommodated the day-to-day needs of the corporation by signing some 20 or 30 checks in blank at the time of each visit and leaving them with the defendant to be completed and countersigned as required. The business continued from 1973 to 1976.
An examination of the corporate records in 1976 revealed that one of the checks entrusted to the defendant had been drawn on June 28, 1974 in the sum of $250 to Sidney Kaufman. Assuming the facts contained in the Grand Jury minutes, the defendant then indorsed the name Sidney Kaufman, added his own indorsement and cashed the check.
Kaufman knew nothing of the check until 1976, did not authorize the indorsement of his name and never received any of the proceeds.
By reason of the foregoing events, the defendant was indicted in July, 1977 for forgery in the second degree and he now urges that evidence before the Grand Jury was legally insufficient to support the charge against him.
By reason of the presignature of Kaufman, the defendant was vested with power to complete the face of a check for corporate purposes and upon completion it would become a valid and effective negotiable instrument within the meaning of subdivision (1) of section 3-115 of the Uniform Commercial Code.
There was no evidence presented to the Grand Jury that the defendant exceeded his authority in drawing the check to a Sidney Kaufman or would not have been permitted to draw a *527 check to cash or to his own order. The essence of the charge is that he forged the indorsement Sidney Kaufman.
Forgery in the second degree is defined as follows:
"A person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is or purports to be, or which is calculated to become or to represent if completed:
"1. A * * * commercial instrument”.
An indorsement is deemed both a complete written instrument in itself and a part of the main instrument in which it is contained or to which it attaches (Penal Law, § 170.10, subd 2).
The legal problem presented is whether the defendant falsely made or altered an instrument by reason of his indorsement of the name Sidney Kaufman.
It is apparent that Sidney Kaufman was not the intended payee, knew nothing of the check at the time, did not expect and was not entitled to the amount thereof. For reasons best known to the defendant, he used the name Sidney Kaufman as a payee not intending the latter to have any interest therein. Assuming the facts most favorable to the People, the defendant was using a devious method to draw a check to his own order or to cash. While that may constitute a larceny, it does not support a charge of forgery.
The concept that a maker may draw a check in the name of a payee intending the latter to have no such interest has a statutory basis.
Under subdivision 3 of section 28 of the Negotiable Instruments Law such an instrument was deemed payable to bearer and the indorsement was a meaningless and unnecessary act. (Phoenix Die Casting Co. v Manufacturers & Traders Trust Co., 29 AD2d 467, 469.)
Section 3-405 of the Uniform Commercial Code, which superseded subdivision 3 of section 28 of the Negotiable Instruments Law, provides that:
"(1) An indorsement by any person in the name of a named payee is effective if * * *
"(c) an agent or employee of the maker or drawer has supplied him with the name of the payee intending the latter to have no such interest.” (Emphasis added.)
While the payable to bearer rule was changed by section 3- *528 405 of the Uniform Commercial Code, the concept of a payee without interest in the instrument was maintained and its impact on the transaction is defined. The indorsement of that name by any person could be effective.
The coincidental fact that the payee was Sidney Kaufman, the silent partner, did not create, in him an interest in the check per se as distinguished from his interest in the total affairs of the corporation. For the purpose of this check, Sidney Kaufman is deemed a nominal or fictitious person. (Aritor Corp. v Chase Manhattan Bank, 25 AD2d 193, 194.) The fiction created by defendant is extended to the indorsement — a fictitious payee canceled out by an immediate indorsement of the same name. It was not the signature of the real Sidney Kaufman which was indorsed, but the counterpart of the fictitious payee — one not intended to have any interest therein. (Chartered Bank v American Trust Co., 47 Misc 2d 694.) Any other conclusion would have to be assumed from facts not in evidence before the Grand Jury.
While subdivision (2) of section 3-405 of the Uniform Commercial Code provides that nothing in that section shall affect the criminal or civil liability of the person so holding, I do not perceive this provision as rendering such an indorsement as a forgery. Rather the criminal liability would more likely extend to a larceny — a crime not charged in this indictment.
The evidence submitted to the Grand Jury was therefore insufficient to support the crime charged. The motion to dismiss the indictment is granted.