■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE POWELL, Also Known as HOWARD C. JACKSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 26, 1974, convicting him of operating a motor vehicle while in an intoxicated condition, as a felony, under Count No. 2, and criminal impersonation, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of criminal impersonation and the sentence imposed thereon, and the said count is dismissed. As so modified, judgment affirmed. On December 6, 1972 defendant Powell was stopped by a policeman who suspected that he was driving while under the influence of alcohol. Defendant produced a license and registration in the name of Howard C. Jackson and was arrested on the charge of criminal impersonation. In our view, defendant's act of producing a driver's license and registration in the name of Howard C. Jackson did not, under the facts at bar, constitute the crime of criminal impersonation. Section 190.25 of the Penal Law provides, in part: "A person is guilty of criminal impersonation when he: 1. Impersonates another and does an act in such assumed character with intent to obtain a benefit or to injure or defraud another". The evidence in the record indicates that a legitimate license had been issued by the Department of Motor Vehicles for a Howard C. Jackson. However, the People failed to prove that Howard C. Jackson was anything but a name used by defendant Powell to secure a license. Defendant was even indicted in the name of Howard C. Jackson. Under these circumstances, the proof was deficient and failed to establish that defendant impersonated "another" (see Penal Law, § 190.25, § 1). Therefore, the defendant's conviction of criminal impersonation must be reversed. Shapiro, J. P., Titone, Suozzi and O'Connor, JJ., concur.