OPINION OF THE COURT
Joseph J asp an, J.
The defendant moves to dismiss the indictment against him upon the ground that there is insufficient evidence to sustain any of its 44 counts charging forgery in the second degree and the single count of grand larceny in the second degree.
I have read the Grand Jury minutes and find them legally sufficient as to all counts.
In People v Hoffman (the same defendant) (91 Misc 2d 525), I dismissed a single count indictment for second degree forgery with respect to one check in the amount of $250. That check had been made payable to one Sidney Kaufman by the defendant who indorsed with that name and then his own. Larceny was not charged.
*874 I pointed out in that opinion that defendant could create a fictitious payee, intending him to have no interest in the check and then negotiate it as a bearer instrument. There was no evidence in that case that the defendant had the intent to defraud, deceive or injure, necessary elements of forgery in the second degree (Penal Law, § 170.10).
More recently, the Appellate Division, Second Department, in People v Powell (59 AD2d 950), held that a person may assume a name for the purpose of obtaining a driver’s license and set aside a conviction of criminal impersonation.
The court in Powell limited its opinion by the use of these words: "However, the People failed to prove that Howard C. Jackson was anything but a name used by defendant Powell to secure a license.”
The instant indictment differs from the facts resulting in my earlier decision in Hoffman and from the ruling in Powell.
The defendant is now charged with issuing 32 checks to the name of John Fuller, four in the name of Frank Fuller and eight in the name of Ray Lowe. The Fuller checks were represented by defendant to be for the purchase of "screening wash” purportedly delivered from a truck on a Saturday when the plant was not operating. The check to Ray Lowe was purportedly for services rendered by a screenmaker. No invoices were found to support the alleged purchases or payments. Nor was any person or firm located who might have been the legitimate recipient of the checks.
In fact the testimony is that each of the checks was indorsed by the defendant and then cashed by him. The defendant is said to have used different handwriting for each of the three sets of indorsements in what may be construed as a deliberate effort to conceal his interest in the checks.
A jury could conclude that there was more to this case than the use of fictitious payees.
The evidence presented to the Grand Jury could lead to the conclusion that the defendant had the intent to defraud, deceive or injure Regency Handprints, Inc., and a stockholder and financial backer, Sidney Kaufman, and that in pursuance of that purpose he forged the indorsements which appear thereon. It cannot necessarily be assumed that the defendant was merely creating a fictitious payee without intending a criminal design.
The motion to dismiss the indictment is denied.
*875 With respect to so much of the omnibus motion to which the District Attorney has not consented, item 3(e) is granted, items 3(g) and 3(h) are denied.