William Burt MANN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Jan. 27, 1978.

**336**

Richard L. Receveur, Asst. Dist. Defender, Terrence R. Fitzgerald, Deputy Dist. Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and WHITE, JJ.

HOWARD, Judge.

On the evening of September 3, 1973, appellant and three others were arrested for the robbery of two employees of a Blue Boar Cafeteria. A trial was held on February 28, 1977, at which time appellant was found guilty of armed robbery and was sentenced to ten years of confinement on April 4, 1977.

Appellant raises four issues on this appeal: 1) Did the trial court commit reversible error by failing to dismiss the indictment on the grounds that appellant had been denied his right to a speedy trial; 2) Did the trial court commit reversible error by failing to suppress the evidence obtained as the result of an alleged illegal arrest for which the arresting officers had no probable cause; 3) Did the trial court commit reversible error by failing to order production of notes dealing with the substance of a prosecution witness's testimony for use in cross-examination by defense counsel; and 4) Did the trial court commit reversible error by failing to suppress the identification of appellant which occurred during an alleged suggestive line-up procedure?

We first discuss appellant's claim of lack of probable cause for the arrest. In the instant case, an FBI agent testified that he received a call from a confidential informant who told him that a robbery had occurred "at the Blue Boar in the South End" and that the men, guns, and money were in a trailer at a certain location. The information received was subsequently given to a Louisville Police Officer and relayed to the arresting officers.

In *Church v. Commonwealth*, Ky., 411 S.W.2d 309, 311 (1967) the court said:

Turning to the question whether the evidence obtained incident to the arrest of appellant should have been suppressed, we must look to decisions of the Supreme Court in light of *Mapp v. State of Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933. In *Draper v. United States*, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327, evidence obtained upon a warrantless arrest was held to have been properly admitted. The basis of the decision is that the arresting federal officers had "probable cause" to believe the arrested person had committed a felony within the meaning of the Fourth Amendment, U.S. Constitution. The "probable cause" there rested on information furnished by a "reliable paid informer."

In analyzing the meaning of "probable cause" as a basis for a warrantless arrest on a felony charge, the following language found in the *Draper* opinion is pertinent:

" 'In dealing with probable cause, * * as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act.' *Brinegar v. United States*, supra, 338 U.S. [160] at page 175, 69 S.Ct. [1302] at page 1310 [93 L.Ed. 1879]. Probable cause exists where 'the facts and circumstances within their [the arresting officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in

the belief that' an offense has been or is being committed. *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, [69 L.Ed. 543, 555, 39 A.L.R. 790]." Ibid., 79 S.Ct. at 333, 3 L.Ed.2d at 332.

The Transcript of Evidence reveals that in the pre-trial suppression hearing, the FBI agent testified that the confidential informant had been very reliable and very effective in the past. There was also testimony given at the pre-trial hearing that a surveillance was being conducted in the trailer park. The robbery had been reported and the police report was heard coming over the radio.

In *Shull v. Commonwealth*, Ky., 475 S.W.2d 469 (1971), the court notes that when a trial court determines that an officer had probable cause for arresting an individual, if the finding is supported by competent evidence, it cannot lightly be set aside. We agree with the trial court's determination that probable cause for the arrest of appellant existed, and that the arrest was legal.

The Transcript of Evidence indicates that during cross-examination of the FBI agent, appellant's attorney discovered that the agent had made private notes or memoranda concerning the conversation with the informant. Appellant's counsel then requested production of the notes and since the name of the confidential informant was possibly contained therein, requested the trial judge to make a preliminary review of the notes before tendering them to the appellant's counsel. The trial court refused to require production of the notes.

■ RCr 7.26 is not applicable in every situation. See *Delaney v. Commonwealth*, Ky., 520 S.W.2d 747, 748 (1975). There was no reversible error committed by the trial court by failing to order the production of these notes or memoranda.

The "primary evil to be avoided" in an identification is "a very substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

■ Both the robbery victims had been informed prior to the line-up that the stolen property had been recovered. One of the robbery victims was unable to make any kind of identification; another victim identified appellant as one of the perpetrators of the robbery. After reviewing the description of the line-up and the picture of the line-up, we do not feel the identification procedure was unduly suggestive, or that a substantial likelihood of irreparable misidentification resulted.

■ We do feel, however, that the appellant has been denied his right to a speedy trial.

Appellant was arrested on September 7, 1973. He was indicted on April 25, 1974. Appellant, at that time, was incarcerated at the Kentucky State Penitentiary. On April 29, 1974, a detainer was lodged against him. On July 12, 1976, appellant filed a *pro se* motion, demanding a speedy trial or the dismissal of charges. The trial was then scheduled for September 30, 1976.

The trial date thereafter was rescheduled for November 16, 1976, and then to February 28, 1977, at which time the trial was held. The Commonwealth states in its brief that the continuances of September 30, 1976 and November 16, 1976 were on the Commonwealth's motions. Meanwhile, appellant moved the court for a dismissal of the indictment on the matter on November 5, 1976; December 2, 1976; and February 28, 1977.

Appellant alleges that his ability to present his defense was prejudiced by the delay. However, we note that the loss of one potential witness because of death and the loss of another potential witness because of unavailability occurred before appellant made his first motion for a speedy trial.

In *Blair v. Commonwealth*, Ky., 458 S.W.2d 761 (1970), the court, at page 763, makes these observations:

We adhere to the principle that the failure of the accused to demand trial constitutes a waiver. *Barker v. Commonwealth*, Ky., 385 S.W.2d 671 (1964); *La-*

*vigne v. Commonwealth*, Ky., 398 S.W.2d 691 (1966). As above noted, what could be considered a demand for a speedy trial was not made until July 8, 1968. The case was assigned for trial two and one-half months later, and it was then tried. We do not consider this unreasonable delay. See *Clark v. Commonwealth*, Ky., 293 S.W.2d 465 (1956).

And, in *Clark v. Commonwealth*, Ky., 293 S.W.2d 465, 466 (1956), the court states: ". . . It is well settled that the right of a speedy trial means that the trial will take place as soon as possible after the indictment, *not depriving the prosecution of a reasonable time to prepare its case.*" (Emphasis ours). In *Clark, supra*, the defendant was tried in the next regular term of court in Oldham County, after he made his motion to be produced before the court for trial.

In the present case, after appellant's demand for a speedy trial, two continuances were granted to the Commonwealth. This was approximately a seven and a half month delay between the demand for a speedy trial and the trial itself. Notwithstanding the principle that the failure of the accused constitutes a waiver, there was still a two-year period before appellant's demand for a speedy trial, during which time we would hope the Commonwealth was performing some work on appellant's case. We feel that the delay in bringing appellant to trial, after his first demand for a speedy trial in July, 1976, was unreasonable, in view of the Commonwealth's lack of a proper showing of the need to prepare itself. See *Kelly v. Richardson*, Ky., 469 S.W.2d 700 (1971).

We feel that, in the present case, appellant was denied his right to a speedy trial as guaranteed by the Constitution of Kentucky. We are remanding this case to the trial court so that an order dismissing this charge against appellant can be entered.

All concur.