**Darnell FRAZIER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

March 31, 1981.

Daniel T. Goyette, Deputy Public Defender, Frank W. Heft, Jr., Chief Appellate Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., R. Thomas Carter, Asst. Atty. Gen., Frankfort, for appellee.

LUKOWSKY, Justice.

Darnell Frazier was convicted in Jefferson Circuit Court of criminal possession of a forged instrument in the first degree (U.S. Treasury check) and criminal possession of a forged instrument in the second degree (Bank of Louisville money order). He was found to be a persistent felony offender in the first degree and his punishments for the principal convictions were enhanced to twelve and ten years respectively. Darnell appeals his convictions and enhanced consecutive sentences as a matter of right. We reverse his conviction of first degree criminal possession of a forged instrument and remand with directions for a new trial on the lesser included offense of second degree criminal possession of a forged instrument, and we reverse his conviction of second degree criminal possession of a forged instrument and remand with directions to dismiss the count of the indictment against him on that charge.

On February 5, 1979, Darnell attempted to cash a money order at the Bank of Louisville. The teller discovered that the money order was one stolen from a local liquor store and delayed Darnell until the police arrived. After questioning him at the station the police arrested and searched Darnell. They found a U. S. Treasury check on his person.

This case involves two pieces of paper of apparent commercial value. We believe that a detailed description of these papers is important to understand clearly the discussion of the issues which follows. The U.S. Treasury check was a typical computer-card federal government draft which was made payable to the order of "Clarence Jones" in the amount of $96.48 by a regional disbursing officer. The check was Mr. Jones' monthly railroad retirement check which had been endorsed on the back with the signature "Clarance Jones" by someone other than Mr. Jones. The money order was a partially pre-printed personal money order of the Bank of Louisville. "Darnell Frazier" was written in the space for the payee's name, but the spaces for the purchaser's signature and address were blank. The money order was imprinted with the sum of $175.00 and was one of several previously stolen from the T. J. Liquor store.

The U.S. Treasury check was the basis of Darnell's conviction of first degree criminal possession of a forged instrument, KRS 516.050. KRS 516.050 and KRS 516.020 (forgery in the first degree) define the crime of which Darnell was convicted. The significant element in this case is the possession of a written instrument which has been falsely made, completed or altered and which is part of an issue of valuable instruments issued by a government or government agency. Superficially, the falsely en-

dorsed U.S. government check found on Darnell's person seems to meet the criterion. But a close examination of the statutory definitions in KRS 516.010 convinces us that Darnell's conduct does not fall within the prohibition of KRS 516.050.

■ We reach this conclusion by first answering in the negative the question whether "falsely endorsing" a government check qualifies as "falsely making, completing or altering" a government check within the scope of KRS 516.050. The three activities which constitute criminal forgery in this Commonwealth are defined in detail in KRS 516.010(4), (5) and (6).* Explicit in each definition is the creation of a false writing which appears to be an authentic creation of or fully authorized by its ostensible *maker* or *drawer*. To violate the statute, the forger must either tamper with an already complete written instrument which is one which "purports to be a genuine written instrument fully drawn with respect to every essential feature thereof," KRS 516.010(2), or he must author an instrument or fill up an unfinished instrument. Consequently, if the alleged forger has done nothing to falsify an already complete written instrument, he cannot be guilty of forging *that* instrument.

■ The U.S. Treasury check found in Darnell's possession was a complete written instrument. Under the Uniform Commercial Code it was fully drawn with respect to every essential feature. It was signed by the drawer, contained an order to pay a sum certain in money and was payable on demand and to the order of Clarence Jones.

KRS 355.3–104(1). The uncontroverted evidence introduced at trial was that no one but the ostensible drawer (the U.S. government) created the instrument and no one altered any part of it. The check itself was not forged. Consequently, Darnell could not be properly convicted of criminal possession of a forged instrument in the first degree.

Darnell may be guilty of criminal possession of a forged instrument in the second degree, KRS 516.060. The intent and requisite activity of second degree criminal possession of a forged instrument are the same as its first degree counterpart: intent to defraud, deceive or injure another and possession of a written instrument which has been falsely made, completed or altered. The difference between the two degrees is the nature of the written instrument which the false writing purports to be. First degree criminal possession of a forged instrument covers government issues and corporate documents. Second degree criminal possession of a forged instrument involves, inter alia, deeds, wills, codicils, *contracts*, assignments, commercial instruments, credit cards, and *other instruments which do or may evidence, create, transfer, terminate or otherwise affect a legal right, interest, obligation or status.* KRS 516.030.

The false writing possessed by Darnell was a two-word signature written on the reverse side of the U.S. Treasury check. Although simple in form and short in length, such a signature as an endorsement has significant legal effect. It creates a

---

\* KRS 516.010 Definitions
The following definitions apply in this chapter unless the context otherwise requires: ...
(4) To "falsely alter" a written instrument means to change, without the authority of anyone entitled to grant it, a written instrument, whether it be in complete or incomplete form, by means of erasure, obliteration, deletion, insertion of new matter, transposition of matter, or in any other manner, so that such instrument in its thus altered form appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible maker or drawer.
(5) To "falsely complete" a written instrument means to transform, by adding, inserting

or changing matter, an incomplete written instrument into a complete one, without the authority of anyone entitled to grant it, so that the complete instrument appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible maker or drawer.
(6) To "falsely make" a written instrument means to make or draw a complete written instrument in its entirety or an incomplete written instrument, which purports to be an authentic creation of its ostensible maker or drawer, but which is not either because the ostensible maker or drawer is fictitious or because if real, he did not authorize the making or drawing thereof.

contract whereby the endorser promises to pay the instrument according to its tenor at the time of endorsement to a holder. KRS 355.3–414(1). Also, when an instrument is payable to order, the endorsement is a *sine qua non* to effect a transfer of the endorser's rights in the instrument. KRS 355.3–202. On either basis, an endorsement falls within the categories of instruments specified in KRS 516.030. It is a complete written instrument itself. *People v. Hoffman,* 91 Misc.2d 525, 398 N.Y.S.2d 239 (1977). Therefore, to forge an endorsement is "to falsely make . . . a complete written instrument in its entirety . . . which purports to be an authentic creation of its ostensible maker . . . but which is not . . . because he did not authorize the making . . . thereof." KRS 516.010(6). Because the false writing found on Darnell was a forged endorsement, the issue of criminal possession of a forged instrument in the first degree should not have been submitted to the jury.

 The money order which Darnell presented to the teller at the Bank of Louisville led to his conviction on a second count, criminal possession of a forged instrument in the second degree. He argues on appeal that this instrument was incomplete because no signature, false or authentic, appeared on the money order as maker or drawer and that only a forged *complete* instrument can subject a person to criminal liability. He is correct in his contention that the money order was an incomplete instrument. KRS 516.010(2) and (3). It lacked an essential feature, the signature of a maker or drawer. But, he is incorrect that a written instrument must appear completed after the forgery. Both the definitions of "to 'falsely alter' " and "to 'falsely make' " a written instrument contemplate that the final false writing may be an incomplete written instrument. KRS 516.-010(4) and (6). The Commentary to KRS 516.010 includes as examples of forgery falsely making or altering an instrument which, in its final form, is incomplete.

Nevertheless, Darnell's conviction of second degree possession of a forged instrument must be reversed and this count of the indictment must be dismissed. The basis of this decision is not that the money order was an incomplete written instrument, but that the reason for its being incomplete takes it out of the purview of the criminal forgery statutes. To reiterate, a written instrument is forged only if it is falsely altered, completed or made so that the instrument appears or purports to be in all respects an authentic creation of or fully authorized by its ostensible *maker* or *drawer*, real or fictitious. KRS 516.010(4), (5), (6) and (7). Without a maker or drawer, a written instrument is simply a piece of paper with writing on it. It can contain many falsehoods, but without an ostensible creator it is not a forged instrument.

The judgment of the Jefferson Circuit Court is reversed and the cause is remanded to that court for further proceedings consistent herewith.

All concur.