**William A. JOHNSON, Appellant,**

v.

**COMMONWEALTH of
Kentucky, Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

Rehearing Denied April 11, 1986.

Discretionary Review Denied by Supreme
Court June 6, 1986.

Edward C. Airhart, Louisville, for appellant.

David L. Armstrong, Atty. Gen., Joseph R. Johnson, Asst. Atty. Gen., Frankfort, for appellee.

Before DUNN, HOWERTON and REYNOLDS, JJ.

HOWERTON, Judge.

Johnson entered a plea of guilty to a charge of criminal possession of a forged instrument in the second degree for which he was given a two-year sentence. The sentence was probated for five years. Two other charges were dismissed. As part of the plea arrangement, Johnson reserved the right to appeal from an order denying his motion to dismiss the indictment against him. In his motion to dismiss, he argued that the indictment failed to state a public offense, that he was placed in double jeopardy, and that he was denied a speedy trial. Although Johnson's plea waived all defenses except that the indictment fails to

state an offense, *Quarles v. Commonwealth*, Ky., 456 S.W.2d 693 (1970), we will nevertheless consider all three issues as preserved for our review, because of the plea arrangement. However, we find no merit in any of these arguments, and we affirm the judgment of the Shelby Circuit Court.

On July 6, 1983, Johnson was indicted for (1) criminal possession of a forged instrument in the second degree in violation of KRS 516.060, (2) theft by failure to make a required disposition in violation of KRS 514.070, and (3) being a persistent felony offender in the second degree pursuant to KRS 532.080. Johnson was an attorney representing one Steven R. Robinson in a workers' compensation claim. Johnson received a check in the amount of $36,500, payable to both parties, representing a lump-sum settlement, and Johnson endorsed the check on behalf of Robinson.

Johnson was incarcerated from July 22, 1983, to December 2, 1983, for an earlier conviction. He demanded a speedy trial pursuant to KRS 500.110, a jury was empaneled, and testimony was taken on January 19, 1984. A mistrial was declared, however, because a witness referred to Johnson as an "ex-convict." Johnson was again incarcerated from July 9, 1984, to October 2, 1984, but he made no new motion for a speedy trial.

The next hearing on this case was held on November 6, 1984, at which time Johnson moved to dismiss the indictment on the ground that it was multiplicitous and/or duplicitous in regard to Count II, that he was improperly classified as a PFO in the second degree, that he had been denied a speedy trial, and that he was being placed in double jeopardy by the new trial for the same offense. The court denied the motion and set the case for trial on January 31, 1985. Johnson agreed to enter a plea of guilty to Count I on the condition that he could appeal the denial of his motion to dismiss the indictment. The plea of guilty was accepted, and this appeal has followed.

Johnson argues that the indictment under which he was charged with possession of a forged instrument fails to state an offense under the provisions of KRS 516.060. He alleges that an endorsement is not required in order to constitute a complete instrument, that the indictment failed to charge him with knowledge that Robinson's endorsement was a forgery or that he lacked the authority to make the endorsement, and that the indictment failed to consider that since he was Robinson's attorney, he had the right to collect the $36,500 settlement and pay it to Robinson in any form of legal tender. Johnson further argues that since KRS 376.040 gave him a lien upon the proceeds of the check for his fee, and since his name appeared on the check with Robinson's name, he was entitled to a portion of the total sum. He then alleges that no criminal action may be maintained until a civil suit has first ascertained the amount in question.

■ The indictment specifically charged Johnson with the "offense of criminal possession of a forged instrument in the second degree, when he possessed a forged check in the amount of $36,500 drawn on the Manufacturers Hanover Trust Company; said instrument was made payable to one Steven R. Robinson and the defendant was Mr. Robinson's attorney, representing a lump-sum workers' compensation settlement based upon a claim made by Mr. Robinson and paid by the Continental Insurance Company. The name of 'Steve R. Robinson' was forged on the check." Clearly, Johnson possessed the check, and he wrote Robinson's name on it as an endorsement. In *Frazier v. Commonwealth*, Ky., 613 S.W.2d 423 (1981), the court specifically held that "an endorsement falls within the categories of instruments specified in KRS 516.030." *Frazier*, at 426. Under KRS 516.060, one must possess a forged instrument of a kind specified in KRS 516.030. We agree with the Commonwealth that the indictment states a public offense.

■ An indictment is sufficient if it fairly informs the defendant of the nature of the charges against him. *Wills v. Commonwealth*, Ky., 489 S.W.2d 823 (1973).

have moved for a speedy trial, but he did not. We find no reversible prejudice in the delay in Johnson's retrial.

For the foregoing reasons, the judgment of the Shelby Circuit Court is affirmed.

All concur.

**Bobby BAILEY, Appellant,**

**v.**

**NAVISTAR FINANCIAL CORPORA-TION (Formerly International Harvest-er Credit Corporation), Appellee.**

**and**

**NAVISTAR FINANCIAL CORPORA-TION (Formerly International Harvest-er Credit Corporation), Cross-Appel-lant,**

**v.**

**Bobby BAILEY, Cross–Appellee.**

Court of Appeals of Kentucky.

Feb. 28, 1986.

As Modified on Denial of Rehearing May 23, 1986.

Ronald L. Hampton, Gillenwater Law Firm, PSC, Glasgow, for appel-lant/cross-appellee.

Winifred L. Bryant, Gess Mattingly Sau-nier & Atchison, Lexington, for appel-lee/cross-appellant.

Before COMBS, HOWERTON and WIL-HOIT, JJ.*

COMBS, Judge.

This is an appeal from a summary judg-ment of the Barren Circuit Court, granting appellee a deficiency judgment in its action against appellant for breach of an install-ment sales contract.

In April of 1981, appellant Bobby Bailey purchased a new International Harvester No. 986 tractor and accessories through an installment sales contract held by appellee International Harvester Credit Corpora-tion. Bailey made a cash down payment of $8,500.00, and the contract called for yearly

* Judge Wilhoit was assigned to sit on the panel considering this case due to the departure of Judge White from the court.