833 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darnell FRAZIER, Petitioner-Appellant,
v.
Gene SCROGGY, Warden, Kentucky State Penitentiary,
Eddyville, Kentucky, Respondent-Appellee.
 No. 86-5985.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1987.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and HIGGINS, District Judge*.
 PER CURIAM.
 
 
 1
 Two issues are raised in petitioner Frazier's habeas corpus action. The first is whether his Miranda rights were violated when a statement was used against him at trial. The second question presented is whether Frazier's rights were compromised when, in the face of "silent" guilty plea records, those pleas were used to enhance his sentence. We affirm the decision of the district court in all respects.
 
 I.
 
 2
 The events leading to the conviction at issue here took place August 29, 1983, when Jeffrey Straw, a Louisville man, called police to report that he had been attacked and robbed. Straw claimed that he picked up Frazier, who was hitchhiking, and offered to let him use the telephone at Straw's home. When they arrived at Straw's apartment Frazier attacked him, fled with a pillowcase full of valuables, and was stopped by police shortly afterward.
 
 
 3
 Frazier's version was that he and Straw met at a local homosexual rendevous, where Straw asked Frazier to have sex relations with him. Frazier refused to do so without being paid, but followed Straw home in hopes of getting money there. Straw offered Frazier various articles from the apartment as payment for sex but Frazier claimed that he panicked, hit Straw, and left with the valuables.
 
 
 4
 Both parties agree that police caught Frazier minutes later a few blocks from the scene. He was hiding behind the wheels of a tractor trailer in a parking lot when police stopped and handcuffed him. Police told Frazier that he matched the description of a robbery suspect. When he heard this, Frazier stated that he was out "jogging." It is unclear whether Frazier was given his Miranda warnings before he made this statement. In any event, he was indicted for the robbery of Straw's apartment and convicted. The prosecution used the "jogging" statement on cross examination to impeach the truth of Frazier's version of what happened.
 
 
 5
 Frazier's sentence was enhanced pursuant to Kentucky's persistent felony offender statute, Ky.Rev.Stat. Sec. 532.080 (1985), using a robbery conviction in 1970, a grand larceny conviction in 1974, and a conviction for possession of a forged instrument in 1981. All of these prior convictions came as a result of guilty pleas.[1] Based on the enhancement provision of the statute, Frazier was sentenced to 20 years.
 
 
 6
 Frazier challenged his enhanced sentence because neither the 1970 nor the 1981 guilty plea was recorded as required by Boykin v. Alabama, 395 U.S. 238 (1969).[2] Because there was no record of his voluntary and knowing waiver of constitutional rights in making those pleas, he argued that it was unconstitutional to use them in applying Sec. 532.080. In addition he argued the statement he made to police and used against him at trial was in violation of Miranda v. Arizona, 384 U.S. 436 (1966). These claims were rejected by the Kentucky Supreme Court on January 17, 1985.
 
 
 7
 Frazier filed for a writ of habeas corpus in federal district court making the same claims as made to the Kentucky Supreme Court. The district court dismissed the Miranda claim, but ordered a hearing by the magistrate to determine whether the Commonwealth could prove that Frazier's guilty pleas were accepted in compliance with due process.
 
 
 8
 At the hearing, the Commonwealth introduced testimony from the prosecutor, trial judge and Frazier's defense attorney, all of whom were present at his 1981 guilty plea. These witnesses stated that it was the court's usual practice to question defendants in compliance with Boykin, but no one remembered the specifics of Frazier's plea. Frazier's defense counsel reported that on the few occasions when the judge did not question defendants, he relied on the attorney's assurance that the defendants understood their rights. But she also stated that she never allowed her clients to plead guilty unless they knew their rights. Frazier testified that he was not brought into the courtroom for his 1981 plea, but at the time he was aware of his right to have a trial by jury in which he could cross examine witnesses and exercise his right to silence. All the other witnesses stated that it would have been impossible for Frazier to have been convicted without appearing in court. Based on this testimony, and the fact that the 1981 plea came only after a first trial on this offense had been conducted and vacated, the magistrate concluded that Frazier's plea had been taken in compliance with due process and recommended that the petition be dismissed. He concluded that Frazier's testimony was unreliable. The district court accepted the magistrate's findings and dismissed the petition. This appeal followed.
 
 II.
 
 9
 The district court dismissed Frazier's Miranda claim because it concluded that he was not being interrogated at the time he made the statement. We agree. The protection created by Miranda does not apply to all statements made to police, because a statement given without coercion is admissible evidence. Rhode Island v. Innis, 446 U.S. 291 (1980), clarified what kind of statements given to police will be considered interrogation for Miranda purposes. One important circumstance is whether a direct question is asked of a suspect, and whether the statements made by police would reasonably anticipate a response by the suspect. Courts must examine any evidence showing that the defendant was particularly susceptible to questioning, or whether it appeared police were trying to make statements which would elicit an incriminating response. United States v. Avery, 717 F.2d 1020, 1024 (6th Cir.1983), cert. denied, 466 U.S. 905 (1984).
 
 
 10
 There is conflicting evidence concerning the point at which Frazier's Miranda rights were given him. One account has them being given prior to any statement, another reports that they were not given until much later, while still another account reports that they were given immediately after Frazier made his "jogging" statement. Assuming, without so holding, that Frazier is correct in his claim that Miranda warnings were not delivered to him until he told police he was out jogging, we still find that there is no Miranda violation. The record here does not reflect either Frazier's susceptibility to police questioning, or police expectation that he would incriminate himself when faced with the statement that he looked like a robbery suspect. Frazier was not a novice in dealing with authorities. Under all the circumstances, we conclude that the district court's finding on this question was not erroneous.
 
 III.
 
 11
 The more difficult question is whether the Commonwealth was able to carry its burden of establishing that Frazier's 1981 guilty plea was voluntarily made, as required by Boykin v. Alabama, 395 U.S. 238 (1969). No record of this plea can now be found. Judge Nicholson, the sentencing judge, stated that records of guilty pleas were made as a matter of course beginning in 1973, but some may have been lost when they were shipped to Frankfort for storage.
 
 
 12
 It is clear that if no record of a guilty plea exists, the government is not entitled to rely on the assumption that the plea was validly made in accordance with due process.[3] Boykin, 395 U.S. at 243, states, "We cannot presume a waiver of these important federal rights from a silent record." Boykin also put the burden of producing such a record on the government. Id. at 242-43. This requirement places the burden to show that a defendant in making his guilty plea voluntarily and knowingly gives up his right to a jury trial, his right to confront prosecution witnesses, as well as his right to exercise his fifth amendment right to silence. Johnson v. Zerbst, 304 U.S. 458, 464 (1938); Boykin, 395 U.S. at 242-43.
 
 
 13
 We have previously addressed this issue in Roddy v. Black, 516 F.2d 1380, 1384 (6th Cir.), cert. denied 423 U.S. 917 (1975), stating, "the State must prove that the defendant's guilty plea was voluntary and intelligent, and to do so it may introduce evidence extrinsic to the transcript of the plea's acceptance." In addition, Loneberger v. Jago, 635 F.2d 1189, 1195 (6th Cir.1980), vacated on other grounds, Marshall v. Loneberger, 451 U.S. 902 (1981), indicates that unless a clear and convincing showing is made, prior convictions may not be used to enhance a sentence for recidivism.
 
 
 14
 Roddy approved the procedure of examining the trial judge, defense attorney and the prosecutor present at the time the plea was made in an evidentiary hearing which was the method used here. 516 F.2d at 1385-86. Unlike Roddy, however, none of the witnesses testifying at Frazier's hearing could recall the specifics of Frazier's plea. They did establish Judge Nicholson made it his practice not to allow a plea to be entered until he questioned the defendant pursuant to Boykin, and Frazier's defense attorney testified that she always advised the defendants whom she represented of their basic rights in respect to a jury trial and would ensure these rights. It is a close question as to whether this evidence meets the Roddy and Loneberger standards.
 
 
 15
 We are inclined to conclude that the district court was not clearly erroneous in finding that a sufficient showing had been made here. The 1981 guilty plea came only after Frazier had gone through a full-blown trial and conviction subject, however, to a later reversal by the Kentucky Supreme Court. See Frazier v. Commonwealth, 613 S.W.2d 423 (Ky.1981). Frazier himself admitted that, at the time he made his 1981 plea, he was aware of his rights and knew he was giving them up. Finally, Frazier's defense attorney in 1981 testified without contradiction that she never allowed a client to plead guilty without making sure he was aware of his rights to a jury trial. In light of these facts, we are satisfied that there was no error in the district court's conclusion entered in 1981. See also United States v. Goodheim, 686 F.2d 776 (9th Cir.1982).
 
 IV.
 
 16
 For the reasons stated above, we AFFIRM the decision of the district court in all respects.
 
 
 
 *
 THE Honorable Thomas A. Higgins, United States District Court for the Middle District of Tennessee, sitting by designation
 
 
 [1]
 To be convicted as a first degree persistent felony offender in Kentucky, a criminal must have been convicted of two felonies prior to the proceeding in which the statute is applied. In addition, at least one of the convictions must have still been in effect within five years of the date the present crime was committed. Ky.Rev.Stat. Sec. 532.080(3)(C)(1) (1985)
 
 
 [2]
 Frazier did not challenge the validity of his 1974 guilty plea
 
 
 [3]
 The Commonwealth proceedings decided this issue on the basis of Commonwealth v. Gadd, 665 S.W.2d 915 (Ky.1984) which placed the burden of proving the unconstitutionality of the proceedings on the defendant. This holding conflicts with Boykin