**COMMONWEALTH of Kentucky,**
**Appellant,**

v.

**Jackson VINCENT, Appellee.**

**No. 2003–CA–000768–MR.**

Court of Appeals of Kentucky.

April 16, 2004.

---

**4.** *Arciero v. Hager,* Ky., 397 S.W.2d 50, 53 (1965).

**5.** *Id., citing Jouett v. Rhorer,* Ky., 339 S.W.2d 865 (1960).

**6.** *Pyles, supra,* n. 2, at 368.

Albert B. Chandler III, Attorney General, Barry Bertram, Assistant Attorney General, Frankfort, KY, for appellant.

Fred R. Radolovich, Louisville, KY, for appellee.

Before EMBERTON, Chief Judge; SCHRODER and TACKETT, Judges.

## OPINION

EMBERTON, Chief Judge.

The Commonwealth appeals from an order of the Bullitt Circuit Court dated March 10, 2003, dismissing an indictment of November 19, 1987, against Jackson Hugh Vincent charging him with third-degree rape and third-degree sodomy. Because the offenses allegedly occurred during the time from September 1984, through March 1985, the circuit court held that the delay in prosecution denied Vincent's right to a speedy trial and dismissed the indictment. We agree with the well-reasoned opinion of the circuit court and affirm.

Vincent was arraigned on January 25, 1988, and following various pretrial procedures, his case was set for trial on January 12, 1989. On the Commonwealth's motion, the date was subsequently changed to September 5, 1989. In April of that year Vincent's counsel was granted a motion to withdraw, and for reasons undisclosed nothing further happened in the case until November 8, 1991, when the same counsel for Vincent filed a motion to dismiss the indictment on the basis of pretrial delay. The Commonwealth responded stating that it was having difficulty locating the prosecuting witness. For the next eleven years nothing occurred in the case until after it was highlighted in a series of articles in *The Courier-Journal* reporting a backlog of criminal cases pending in the Bullitt Circuit Court. On December 18, 2002, Vincent's counsel again filed a motion to dismiss the indictment because of pretrial delay, and on March 10, 2003, the circuit court dismissed the indictment with prejudice.

The Sixth Amendment to the United States Constitution and Section 11 of the Bill of Rights to the Kentucky Constitution guarantee an accused the right to a speedy trial. The right is afforded primarily for the benefit of the accused who may or may not be in custody awaiting trial and who, therefore, has an interest in having his case heard promptly. On the other hand, the right to a speedy trial is limited by the prosecution's right to prepare its case.[1] Also, as noted by the court

---

1. *Clark v. Commonwealth,* Ky., 293 S.W.2d 465, 466 (1956).

in *Barker v. Wingo*,[2] defense strategy may be to encourage delay since over time prosecuting witnesses become unavailable or their credibility may erode. Frequently, the passage of time alone brings with it a reluctance to dredge up the past. In any event we recognize that under both the Kentucky Constitution and the United States Constitution it is a right that can be waived.[3]

■ The Commonwealth argues that Vincent waived his right to a speedy trial, and therefore, the circuit court erred in dismissing the indictment. In· *Mann v. Commonwealth*,[4] the court, relying on *Blair v. Commonwealth*,[5] stated that the failure to demand a speedy trial constitutes a waiver. However, in *Barker, supra*, recognizing that the accused has no duty to see that the prosecution brings him to trial, the court clearly rejected the demand-waiver rule in favor of a balancing approach. Instead of a fixed rule, it provided a four-factor analysis:

> A balancing test necessarily compels courts to approach speedy trial cases on an *ad hoc* basis. We can do little more than identify some of the factors which courts should assess in determining whether a particular defendant has been deprived of his right. Though some might express them in different ways, we identify four such factors: Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.[6]

The *Barker* analysis was cited with approval and followed in *Preston v. Commonwealth*.[7] Applying these same factors to the present case, there is no conclusion

but that the circuit court correctly found that Vincent was denied his right to a speedy trial.

■ There was an inordinate delay in the prosecution of Vincent's case. We can find no reasonable justification for taking sixteen years to prepare a rape and sodomy case. The admitted difficulty in contacting witnesses and presenting evidence after such a delay sufficiently suggests a presumption of prejudice set forth in *Barker* that it needs no further discussion.

It is equally clear that the circuit court correctly found that the delay in this case is attributable to prosecutorial neglect. This is not a case where numerous motions for extensions of the trial date were requested by the accused or where complex pretrial motions prolonged the trial date. It appears that for unexplained reasons the case was simply dormant. Although under *Barker, supra*, it is not fatal to an accused's speedy trial claim if a motion for a speedy trial is not made, we do note that on November 8, 1991, Vincent moved to dismiss on the basis of pretrial delay. While not equivalent of a motion for a speedy trial, certainly at this point, the court was on notice that there was an inordinate delay in bringing the case to trial. By the time the second motion to dismiss was made, eleven additional years had passed.

Finally, as to the prejudice Vincent suffered by the delay, under *Barker* Vincent has the burden to establish actual prejudice. However, the court noted in *Barker* the difficulty of the accused's task. He

---

2. 407 U.S. 514, 519, 92 S.Ct. 2182, 2187, 33 L.Ed.2d 101, 110 (1972).

3. *Id.*

4. Ky.App., 561 S.W.2d 335 (1978).

5. Ky., 458 S.W.2d 761 (1970).

6. *Barker, supra*, at 407 U.S. 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 116–117.

7. Ky.App., 898 S.W.2d 504 (1995).

may be unable to show the effect of the passage of time, or of lost evidence, or absent witnesses and faded memories so that prejudice can rarely be shown. In *Preston,* the court explained:

> "[W]e generally have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, ... it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett v. United States,* 505 U.S. 647, 112 S.Ct. 2686, 2692–2693, 120 L.Ed.2d 520, 530–531 (1992) (citations omitted).[8]

There is no doubt that the sixteen-year delay in Vincent's prosecution prejudiced his defense. It is impossible for this court to conceive that witnesses have not disappeared, their memories faded by the passage of time, or that evidence has not vanished. Even the Commonwealth's pleading filed in 1991 indicates it may have lost contact with the prosecution witness; and, the nature and weight of the evidence it now has is unclear from the record. The length of the delay is so great that we must conclude that Vincent has demonstrated actual prejudice.

We recognize that dismissal of an indictment is a severe remedy and one that may allow a guilty person to go free without trial. Such a disposition of an indictment is contrary to our basic legal premise that the guilty will be brought to justice. However, the right to a speedy trial and the overall fairness of our criminal justice system require that dismissal be the only remedy.[9]

The order dismissing the indictment is affirmed.

ALL CONCUR.

---

**8.** *Id.* at 507–508 (footnote 2).

**9.** *Barker, supra,* 407 U.S. at 522, 92 S.Ct. at 2188.