**Freddie PRESTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 93–CA–001816–MR.**

Court of Appeals of Kentucky.

March 24, 1995.

---

G. Thomas Mercer, Appellate Public Advocate, Louisville, for appellant.

Chris Gorman, Atty. Gen., Dina Abby Jones, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

Before DYCHE, HUDDLESTON and JOHNSON, JJ.

JOHNSON, Judge:

Freddie Preston (Preston) appeals on speedy trial grounds a judgment of the Lawrence Circuit Court convicting him of possession of a Schedule II controlled substance (KRS 218A.140(2)) and sentencing him to prison for one year. We affirm.

On November 24, 1989, Preston was arrested for public intoxication. A search of his person incident to arrest revealed a vial of white powder which was later determined to be cocaine. Preston was indicted by the Lawrence County grand jury on January 12, 1990, for one count of possession of a Schedule II controlled substance. He was tried by a jury and found guilty on June 7, 1993. The jury recommended a sentence of three years. The trial court rejected this recommendation and sentenced Preston to prison for one year. This appeal followed.

Preston now alleges that the 41–month period between his indictment and trial constitutes delay violating his right to a speedy trial under the Sixth Amendment of the United States Constitution and Section Eleven of the Kentucky Constitution. Preston's original trial was set for June 5, 1990. On May 11, 1990, he filed a motion for continuance stating that he had not recovered sufficiently from back surgery performed on April 25, 1990, to prepare for or participate in his trial. On April 10, 1992, some two years later, the Commonwealth finally moved the court to set a new trial date. On the same date, Preston moved the court to dismiss the indictment claiming that he had been in a state of "judicial limbo" for two and a half years while the Commonwealth was "apparently trying to decide whether to prosecute the defendant." Preston never secured a ruling on his motion to dismiss and the trial was rescheduled for June 7, 1993. On the morning of trial, Preston presented another motion to dismiss. It was in this motion that the right to a speedy trial was first specifically asserted. Prior to the start of trial, the court conducted a hearing on this latest motion. The trial court found that the case had been continued originally because of Preston's back surgery. The trial had been continued again because the trial judge had undergone surgery. Finally, a continuance was granted so defense counsel could attend a public defenders' conference.

In support of his motion, Preston contended that one of the witnesses to the incident leading to his 1989 arrest had been killed during the pendency of the case.[1] Preston could not tell the trial court whether the loss of this witness prejudiced his case. Preston testified that he was not sure whether the witness would have testified for the defense or for the prosecution. It was conceded that, in order for the witness to testify in Preston's behalf, he would have had to incriminate himself. Preston did not dispute the Commonwealth's characterization of this witness as hostile to the defense. After noting that Preston had made no mention of a speedy trial in his previous motions, the trial court overruled the latest motion to dismiss.

The Sixth Amendment of the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy ... trial...." The United States Supreme Court has set forth four factors to be utilized in analyzing claims of denial of speedy trial: (1) the length of the delay; (2) whether the delay was more the fault of the defendant or the government; (3) the defendant's assertion of his right to a speedy trial; and (4) whether the defendant suffered prejudice as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *McDonald v. Commonwealth*, Ky., 569 S.W.2d 134, 136 (1978). "[N]o single factor is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" *United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir.1990), *citing Barker v. Wingo*, 407 U.S. at 533, 92 S.Ct. at 2193.

In order to trigger the speedy trial analysis, a defendant must establish that the delay between accusation and trial was "presumptively prejudicial." *Doggett v. United States*, 505 U.S. ——, 112 S.Ct. 2686, 2690, 120 L.Ed.2d 520, 528 (1992). Preston has shown a delay of 41 months from the time of his indictment to the time his case came to trial. "Presumptive prejudice" does not mean actual prejudice. Rather, it simply means that the delay was long enough to trigger further inquiry into the remaining factors. *Id.*, at ——, 112 S.Ct. at 2691, 120 L.Ed.2d at 528, n. 1. We believe a delay of 41 months gives rise to a need for further scrutiny.

As for the second *Barker* criterion, whether the delay was attributable to the government or the defendant, it is well settled that a defendant "will not be heard to complain of a lapse of time attributable to continuances he sought and received from the trial court." *Nelson v. Hargett*, 989 F.2d 847, 852 (5th Cir.1993). Preston concedes that he requested at least two continuances, one while recuperating from back surgery and one so that defense counsel could attend an annual public defenders' conference. Preston's first request for a continuance accounts for more

---

1. The record indicates the witness fell from a bridge in front of a freight train in Atlanta, Georgia. It is not clear whether he slipped, jumped, or was pushed.

than 23 months of the 41–month delay. The record is unclear as to how long a delay was attributable to the second request for a continuance, but nonetheless, over half of the delay was attributable to Preston. While another continuance was due to the trial judge's surgery, Preston did not object to this continuance. It does not appear from the record that the Commonwealth requested any continuances.

The third *Barker* factor is the assertion of the speedy trial right by the defendant. As previously indicated, Preston's first two motions to dismiss never specifically asserted the constitutional speedy trial provisions. Rather, they recited Preston's irritation at being held in "judicial limbo." It was not until Preston's third motion that his right to a speedy trial was asserted. As our state's High Court observed in *McDonald, supra:*

> We cannot say that a motion to dismiss for lack of a speedy trial is the same as a motion for a speedy trial in that it unequivocally puts the trial court on notice that the defendant demands a speedy trial. The motion to dismiss presents an issue which must be decided by the trial court based on the delay prior to the motion. Here the trial court was never put on notice that McDonald demanded or wanted a speedy trial.
>
> In *Barker v. Commonwealth*, Ky., 385 S.W.2d 671 (1964), this court considered Barker's motion to dismiss for denial of a speedy trial as a motion for speedy trial. However, in *Barker* the opinion observed that it was clear that Barker had not made an alternative motion for an immediate trial, thus we consider the United States Supreme Court treated the motion to dismiss for denial of a speedy trial as different from a motion for speedy trial. *Barker* rejected a rigid demand-waiver rule but observed that there is some responsibility of the defendant to assert his right to a speedy trial.

569 S.W.2d at 137.

In *McDonald,* the defendant filed four motions to dismiss the charges for lack of a speedy trial. Rather than concluding that these motions constituted an assertion of the speedy trial right, the Court found that the defendant "did not assert his right to a speedy trial, rather he hoped to take advantage of the delay in order to obtain a dismissal of the charge...." *Id.* Here, Preston also sought dismissal rather than demanding an immediate trial.

 The fourth inquiry concerns what prejudice, if any, Preston suffered as a result of the delay. The possibility of prejudice alone is not sufficient to support the position that speedy trial rights have been violated. It is the burden of the defendant to establish actual prejudice. *United States v. Loud Hawk,* 474 U.S. 302, 315, 106 S.Ct. 648, 656, 88 L.Ed.2d 640, 654 (1986). The record indicates that Preston had been released on bond so that he could get married. He admitted that he had held a steady job for the time preceding his trial. While he may have complained in general terms that he suffered anxiety from not knowing the outcome of his case, such vague allegations of anxiety are insufficient to state a cognizable claim. *Hakeem v. Beyer,* 990 F.2d 750, 762 (3d Cir.1993). A defendant must show anxiety which extends beyond that which "is inevitable in a criminal case." Rather, the requisite showing is one of "psychic injury." *Id.* Preston has not met this burden.

 While Preston has alleged that the witness who died before his trial could have been a material witness on his behalf, he was unable to show that with any level of certainty. From the record, it appears just as likely that the witness would have been hostile to the defense. Preston has not shown his defense to have been impaired by the loss of the witness. Accordingly, his claim of prejudice on this point must also fail.[2] *Tranakos,* 911 F.2d at 1429; *United States v. Villano,* 529 F.2d 1046, 1060 (10th Cir.1976), *cert. denied,* 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1193 (1976).

---

2. *"Barker* explicitly recognized that impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown.' ... And though time can tilt the case against either side, ... one cannot generally be sure which of them it has prejudiced more severely. Thus, we generally

In summary, the delay in bringing Preston's case to trial was sufficient to trigger a *Barker* inquiry. However, most of the delay was attributable to the defense, and none of the delay was the fault of the Commonwealth. Preston failed to assert his right to a speedy trial, instead he sought to use the delay to his advantage through his motions to dismiss. Lastly, Preston has failed to show any prejudice from the delay. Although at first glance a delay of 41 months in bringing a fairly routine drug possession case to trial seems extreme, in this instance, no speedy trial violation occurred. The judgment of the Lawrence Circuit Court is affirmed.

All concur.

have to recognize that excessive delay presumptively compromises the reliability of a trial in ways that neither party can prove or, for that matter, identify. While such presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, ... it is part of the mix of relevant facts, and its importance increases with the length of delay." *Doggett v. United States*, 505 U.S. ——, 112 S.Ct. 2686, 2692–2693, 120 L.Ed.2d 520, 530–531 (1992) (citations omitted).