RENDERED:  APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1570-MR

COMMONWEALTH OF KENTUCKY                                          APPELLANT

v.
APPEAL FROM BELL CIRCUIT COURT
HONORABLE KEITH A. NAGLE, JUDGE
ACTION NO. 23-CR-00395

JACQUELINE RISNER                                                         APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  CALDWELL, McNEILL, AND MOYNAHAN, JUDGES.

CALDWELL, JUDGE:  The Commonwealth of Kentucky appeals from an order of the Bell Circuit Court dismissing a criminal charge against Jacqueline Risner ("Risner") with prejudice.  We reverse and remand.

**FACTUAL AND PROCEDURAL HISTORY**

In August 2022, a Bell Circuit Court grand jury indicted Risner on one count of theft by unlawful taking of controlled substances with a value of less than ten thousand dollars ($10,000.00).  That charge was designated as Bell Circuit

Court Case No. 22-CR-00348 ("the first case"), and was presided over by Bell Circuit Court Judge Robert Costanzo. That charge is a Class D felony. *See* KRS[1] 514.030(2)(c). The charge stemmed from Risner's alleged taking of substances from the hospital where she worked. The trial court scheduled a jury trial for early January 2023. For reasons not apparent from the face of the record, the trial was rescheduled for May 18, 2023.

The trial court later rescheduled Risner's trial for August 10, 2023, because another case had priority over Risner's on May 18, 2023. Risner's counsel stated that Risner was asserting her right to a speedy trial on May 18, 2023.

In July 2023, the Commonwealth moved to continue Risner's trial because a witness would be unavailable on the trial date. Risner objected to a continuance, again asserting her right to a speedy trial. The trial court granted the Commonwealth's motion and reset Risner's trial for August 15, 2023. Judge Costanzo plainly stated at least twice on the record that Risner's case would have priority to be tried on that date.

However, Judge Costanzo soon retired. Thus, a special judge was presiding on August 15, 2023. Despite Judge Costanzo having twice stressed that Risner's case would have priority on that date, the Commonwealth announced that it was not ready for trial because it had prepared to try a different case. Risner

---

[1] Kentucky Revised Statutes.

asked the court to find her right to a speedy trial had been violated and to dismiss the charge against her with prejudice. Eventually, the trial court orally stated it was dismissing the case without prejudice, but it did not explicitly base the decision on speedy trial grounds.

The Commonwealth reindicted Risner on the same charge the next day. That charge was assigned Bell Circuit Court Case No. 23-CR-00395 ("the second case"). The second case was eventually assigned to Bell Circuit Judge Keith Nagle.

Later in August 2023, the special judge issued a written order memorializing the oral dismissal of the first case. The order recounted the case's history, noted Risner had moved to dismiss the charge with prejudice on speedy trial grounds, and stated that the Commonwealth had "offered no reason . . . to continue [Risner's] trial in the face of Judge Costanzo's earlier order, other than its preference to try another case." Nonetheless, the court dismissed the first case without prejudice and did not explicitly link the dismissal to the existence of a speedy trial violation. Neither the Commonwealth nor Risner appealed.

In December 2023, Risner filed a written motion to dismiss the second case. According to Risner's motion, the dismissal of the first case meant the Commonwealth was prohibited from bringing the second case. The trial court

-3-

granted the motion and dismissed the second case with prejudice in November 2024. The Commonwealth then filed this appeal.

## ANALYSIS

### Issues Presented

We perceive this appeal to raise three overarching issues. First, we must ascertain the effect of the failure to appeal the dismissal of the first case. Second, we must determine whether the trial court had the inherent authority to dismiss the second case pursuant to its power to control its docket. Third, we must determine whether the trial court correctly found that there was a speedy trial violation in the first case which prohibited the Commonwealth from bringing the second case.[2]

### Lack of Appeal from Order Dismissing First Case

We first analyze the impact of the parties' failure to appeal from the order dismissing the first case without prejudice. Risner stresses that a dismissal on speedy trial grounds bars further prosecution of the dismissed charges. *Keeling v. Commonwealth*, 381 S.W.3d 248, 257 (Ky. 2012). "This is an obvious result given that permitting further prosecution would exacerbate the violation." *Id.*

---

[2] We reject Risner's preservation arguments. We perceive that the Commonwealth's statements and written submissions to the trial court opposing Risner's speedy trial motion and arguments adequately preserved these issues. Regardless, the trial court's decision to dismiss the second case would be a manifest injustice for the reasons we shall soon discuss.

-4-

Therefore, an order dismissing a criminal charge based on a violation of a defendant's right to a speedy trial should specify that the dismissal is with prejudice. Of course, we agree.

But the trial court dismissed the first case without prejudice. Risner, not the Commonwealth, was plainly the party most aggrieved by that decision. There was no practical impetus for the Commonwealth to appeal since the dismissal without prejudice meant it could simply reindict Risner.

The calculus is different for Risner. Risner had asked the trial court to find her right to a speedy trial had been violated and to thus dismiss the first case with prejudice. The trial court did neither. Risner thus had to either appeal (or file a motion to alter, amend, or vacate) or accept a dismissal without prejudice which was not expressly premised upon a finding that her right to a speedy trial had been violated. She chose to accept the dismissal without prejudice and did not contest that dismissal until the indictment was returned in the second case.

Albeit in a factually distinguishable case, we have explicitly held that a trial court may not change a judgment of dismissal without prejudice to a dismissal with prejudice more than ten days after the judgment is issued:

> On appeal, the Commonwealth contends the circuit court lost jurisdiction to alter the February 2001 order of dismissal ten days after its entry. We agree.
>
> In *Commonwealth v. Sowell*, our Supreme Court stated:

-5-

In several cases we have held that a dismissal without prejudice is a final and appealable order. Notably, in *Wood v. Downing's Admr.* [110 Ky. 656, 62 S.W. 487, 488 (1901) ], we held that an order dismissing without prejudice "fixed absolutely and finally the rights of the parties in this suit in relation to the subject matter of the litigation, and put an end to the suit. It was a final appealable order." Notwithstanding the "without prejudice" language, an order of dismissal adjudicates all rights. Nothing remains to be done.

157 S.W.3d [616, 617 (Ky. 2005)] (footnotes omitted).

Ten days after entry of a final and appealable order, the trial court loses jurisdiction over the order and cannot alter it. Kentucky Rules of Civil Procedure (CR) 59.05. **Accordingly, if a criminal defendant desires that the dismissal of his charge without prejudice be amended to a dismissal with prejudice, he must file either a timely CR 59.05 motion to alter, amend, or vacate or pursue an appeal** . . . .

Smith did neither, and the circuit court erred when it entered an order modifying the February 2001 order dismissing the criminal charges against Smith with prejudice.

*Commonwealth v. Smith*, 354 S.W.3d 595, 596 (Ky. App. 2011) (emphasis added)

(brackets in *Smith*) (footnotes omitted).

The same holds true here. Significantly more than ten days elapsed

between the entry of the order dismissing the first case without prejudice and

Risner's filing a motion to dismiss the second case with prejudice. Thus, Risner's

-6-

motion to dismiss the second case essentially asked the trial court to do what we expressly forbade in *Smith*—change an order of dismissal without prejudice to a dismissal with prejudice more than ten days after the original order of dismissal was entered.[3]  The fact that Risner's motion to dismiss was technically filed in a separate case is, under these unique facts, a distinction without a true difference since the entire basis for the motion to dismiss the second case was what had occurred, and had failed to occur, in the first case.  In short, the trial court should have summarily denied Risner's motion to dismiss the second case.

### The Stated Reasons for Dismissing the Second Case

The trial court listed two main reasons justifying dismissing the second case with prejudice:  the court's ability to control its docket after the

---

[3] The order dismissing the first case does not clearly state why the case was being dismissed. The order purports to have granted Risner's motion to dismiss.  However, the order accurately notes that Risner had asked for a dismissal with prejudice on speedy trial grounds, yet the order did not find a speedy trial violation (or even contain any speedy trial analysis) and dismissed the first case without prejudice.  We presume that the special judge was aware of the settled legal principle that a speedy trial violation requires a dismissal of the charges with prejudice.  *Keeling*, 381 S.W.3d at 257.  As our Supreme Court has held, although obviously in a different context, "judges and justices are presumed to know the law and are charged with its proper application." *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 930 (Ky. 2002).  Proper application of the law would unquestionably be for <u>any</u> dismissal of charges based on a speedy trial violation to be with prejudice.  *Keeling*, 381 S.W.3d at 257.

Since a dismissal without prejudice on speedy trial grounds would be blatantly improper, we cannot share Risner's certainty that the dismissal of the first case was premised upon the existence of a speedy trial violation.  Simply put, we cannot know with certitude why the special judge dismissed the first case.  For example, the dismissal could have been a flawed dismissal on speedy trial grounds, or it could have been an attempt to impose a less onerous sanction on the Commonwealth for not being ready for Risner's trial.

Commonwealth was not prepared for trial in the first case, and the existence of a speedy trial violation in the first case. We examine each reason separately.

## 1. The Trial Court's Inherent Authority to Control Its Docket

The trial court here concluded that the Commonwealth's failure to be prepared for trial in the first case was sufficiently egregious to allow the court to dismiss the second case under the court's ability to control its docket and manage its courtroom. Indeed, our Supreme Court has recognized

> the inherent authority of *any* court to manage its affairs and to assist the administration of justice. Specifically, it has generally been recognized that courts (even without express authority given by the constitution, statute, or rule of a supreme court of a state) have inherent power to prescribe rules to regulate their proceedings and to facilitate the administration of justice.

*Collins v. Combs*, 320 S.W.3d 669, 675 (Ky. 2010) (italics in *Collins*) (internal quotation marks and citations omitted). However, "[d]ismissal of an indictment with prejudice is the most severe sanction possible and necessarily implicates separation-of-powers principles." *Commonwealth v. Baker*, 11 S.W.3d 585, 590 (Ky. App. 2000). Here, dismissing the second case without the Commonwealth's consent was a violation of the separation of powers doctrine.

Before we engage in the separation of powers analysis, we must note that we agree with the trial court that the Commonwealth's failure to be prepared for trial in the first case was highly improper. All attorneys have an obligation to

-8-

refrain from knowingly disobeying "a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]" SCR[4] 3.130(3.4)(c). Attorneys also may not "engage in conduct intended to disrupt a tribunal." SCR 3.130(3.5)(d). Judge Costanzo had unmistakably given Risner's case priority to be tried on August 15, 2023. The Commonwealth's failure to be prepared for that trial thus violated the court's directive. The trial court likely could have sanctioned the Commonwealth. However, dismissing the first case without the Commonwealth's consent was not a permissible sanction for the Commonwealth's failure to be ready to try Risner.

The responsibility to prosecute felony cases lies solely with the Commonwealth Attorney. *Murphy v. Commonwealth*, 509 S.W.3d 34, 57 (Ky. 2017) (Cunningham, J., concurring) ("Prosecution of all felony cases in this state is the responsibility of the elected Commonwealth's Attorney."). *See also, e.g.*, *Hoskins v. Maricle*, 150 S.W.3d 1, 12 (Ky. 2004). The Commonwealth Attorney is a member of the Executive Branch. *Commonwealth ex rel. Conway v. Thompson*, 300 S.W.3d 152, 169 n.55 (Ky. 2009). Sections 27 and 28 of Kentucky's Constitution separate the governing powers of the state. Our Supreme Court has deemed the constitutional separation of powers between the three branches of government to be "fundamental to the Commonwealth's tripartite system of

---

[4] Rules of the Kentucky Supreme Court.

government" and has stressed that "no branch of government may encroach upon the inherent powers granted to any other branch." *Arkk Properties, LLC v. Cameron*, 681 S.W.3d 133, 140 (Ky. 2023).

Each branch of government must respect the inherent dignity, duties, and power of the other branches. Consequently, the situations in which a court may properly dismiss with prejudice criminal charges against the wishes of the Commonwealth are exceedingly rare.

Over a century ago, Kentucky's then-highest court succinctly stated that it "know[s] of no authority anywhere given to the court to control or direct the dismissal of the prosecution where the indictment upon which it is based is good." *Commonwealth v. Cundiff*, 149 Ky. 37, 147 S.W. 767, 768 (1912). Our Supreme Court reaffirmed that bedrock rule when it held that "subject to rare exceptions usually related to a defendant's claim of a denial of the right to a speedy trial, a trial judge has no authority, absent consent of the Commonwealth's attorney, to dismiss, amend, or file away before trial a prosecution based on a good indictment." *Hoskins*, 150 S.W.3d at 13.

Our Supreme Court has explained that "vest[ing] the judicial branch with the discretion to unilaterally terminate a criminal prosecution permanently is inconsistent with separation of powers principles." *Keeling*, 381 S.W.3d at 256 (brackets in *Keeling*) (internal quotation marks and citations omitted). So, a trial

-10-

court cannot dismiss a criminal charge with prejudice without the

Commonwealth's consent "*unless* it is one of those rare situations in which the

underlying substantive law precludes further adjudication—e.g., violations of the

right to a speedy trial, a mistrial that occurs after jeopardy attaches, or severe cases

of prosecutorial misconduct." *Id.* (emphasis in *Keeling*).

Here, there was no mistrial (nor had jeopardy attached because no trial

ever began on the first or second cases).[5] Thus, the only potential grounds for

dismissing the second case with prejudice against the Commonwealth's wishes

would be a speedy trial violation or severe prosecutorial misconduct.

We focus at this point on whether there was prosecutorial misconduct

severe enough to justify a dismissal with prejudice against the Commonwealth's

wishes as that appears to have been the basis for the trial court's conclusion that its

inherent power to control its docket gave it the ability to dismiss the second case as

a sanction for the Commonwealth's failure to be prepared for trial in the first case.

We shall later discuss whether a speedy trial violation occurred.

We agree with the trial court that the Commonwealth's preparation for

another case and concomitant failure to be ready for trial in the first case against

---

[5] We must disagree with the trial court's statement in the order dismissing the second case that "the [first] case was not dismissed at the pretrial stage . . . ." Though the first case was dismissed on the date a trial was scheduled to begin, the trial never actually commenced. For example, *voir dire* never began. Therefore, the first case was necessarily dismissed during pretrial proceedings.

Risner was negligent as Judge Costanzo made plain that the first case against Risner had priority on August 15, 2023.  However, such negligence falls short of the severe prosecutorial misconduct necessary to dismiss criminal charges with prejudice without the Commonwealth's consent.  For example, we held in *Baker* that the Commonwealth's knowing presentation of false information to a grand jury was insufficient to dismiss a criminal charge with prejudice without the Commonwealth's consent.  *Baker*, 11 S.W.3d at 590-91.  Since that shocking, egregious prosecutorial misconduct was insufficient to allow a court to dismiss a criminal charge with prejudice absent the Commonwealth's consent, the Commonwealth's lesser misconduct here (negligently failing to be ready for trial) cannot have allowed the court to dismiss the second case with prejudice without the Commonwealth's consent.

We empathize with the trial court's frustration over the Commonwealth's lack of preparation for trial.  Potentially, the Commonwealth's lack of preparation justified the commencement of sanctions such as contempt proceedings.  However, the Commonwealth's lack of trial preparation was not sufficiently jurisprudentially intolerable and egregious to justify dismissing a criminal charge with prejudice over the Commonwealth's objection.  Consequently, we must reject the trial court's conclusion that its inherent power to

control its docket allowed it to dismiss the second case with prejudice over the Commonwealth's objection.

## 2. Speedy Trial Analysis

We also disagree with the trial court's conclusion that a speedy trial violation occurred in the first case. "We determine a violation of the right to speedy trial by looking to (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his [or her] right, and (4) the prejudice to the defendant caused by the delay." *Berry v. Commonwealth*, 680 S.W.3d 827, 834 (Ky. 2023) (internal quotation marks and citations omitted). We review the trial court's speedy trial decision using a clearly erroneous standard for questions of fact but *de novo* for questions of law. *Commonwealth v. Hensley*, 655 S.W.3d 122, 125 (Ky. 2022).[6]

### a. Presumptively Prejudicial Delay

We must first determine whether the delay was long enough to be deemed presumptively prejudicial. *Berry*, 680 S.W.3d at 834. "[I]f a length of delay is not presumptively prejudicial then courts need not inquire [further] into the alleged violation whatsoever; absent a presumptively prejudicial delay there is no speedy trial violation." *Id.*

---

[6] Unfortunately, Risner's brief contains no substantive analysis of the speedy trial factors.

There is not "any set time period" beyond which a delay must be deemed presumptively prejudicial. *Hensley*, 655 S.W.3d at 126. *See also Smith v. Commonwealth*, 361 S.W.3d 908, 914 (Ky. 2012). "However, the [United States] Supreme Court has noted that presumptive prejudice tends to be found as the delay approaches one year." *Hensley*, 655 S.W.3d at 126. *See also, e.g.*, *Berry*, 680 S.W.3d at 834. Here, the delay was two days less than one year (August 17, 2022, to August 15, 2023).

This case would be an outlier if we deemed a less-than-one-year delay to be presumptively prejudicial. Our Supreme Court emphatically noted that its review of precedent had "disclose[d] no situation in which a speedy trial violation was found for a delay of less than one year." *Hensley*, 655 S.W.3d at 126. For emphasis, our Supreme Court added a string citation to numerous cases holding that a less than one-year delay was not presumptively prejudicial. The importance of the one-year mark in a speedy trial analysis is highlighted by the fact that both we and our Supreme Court have held an 11-month delay was not presumptively prejudicial. *Powell v. Commonwealth*, 237 S.W.3d 570, 573-74 (Ky. App. 2007); *Brown v. Commonwealth*, 934 S.W.2d 242, 249 (Ky. 1996).

Of course, the delay here is nearly one year. And, though the one-year mark is an important speedy trial guidepost, there is no length of delay which automatically triggers a finding of presumptive prejudice. *Smith*, 361 S.W.3d at

-14-

914. We also recognize that the charge against Risner was not complex (though it was sufficiently serious to be a felony).

Frankly, this case is on the borderline of whether there is a presumptively prejudicial delay. Nonetheless, we cannot ignore our Supreme Court's pointed notation that delays of less than one year have <u>never</u> been found to be presumptively prejudicial in a published opinion issued by a Kentucky appellate court. *Hensley*, 655 S.W.3d at 126. Risner cites to no case to the contrary.

After carefully weighing all the appropriate factors and circumstances of this case, we conclude the delay here is not presumptively prejudicial. The trial court erred when it concluded to the contrary. Therefore, we would not need to address the remaining speedy trial factors. *Smith*, 361 S.W.3d at 914; *Berry*, 680 S.W.3d at 834. However, because the delay here was almost one year and the charge was not complex, we shall briefly address the remaining speedy trial factors. That analysis reinforces our conclusion that there was no speedy trial violation here.

### b. Remaining Factors

None of the speedy trial factors are dispositive; instead, each must be "considered together . . . ." *Smith*, 361 S.W.3d at 914 (internal quotation marks and citations omitted).

### i. Reasons for the Delay

"The second factor we consider in determining whether [Risner's] right to a speedy trial was violated is the reasons for the delay." *Id.* at 915. "There are three categories of reasons: (1) a deliberate attempt to delay the trial in order to hamper the defense; (2) a more neutral reason such as negligence or overcrowded courts; and (3) a valid reason, such as a missing witness." *Berry*, 680 S.W.3d at 834 (internal quotation marks and citations omitted). The gist of the inquiry is "whether the government or the criminal defendant is more to blame for that delay." *Id.* (internal quotation marks and citations omitted).

It is unclear why the trial was rescheduled from January 2023 to May 2023. So, that delay cannot be weighed against the Commonwealth or Risner. The continuance from May 2023 to August 2023 was because another case had priority on the May trial date. Therefore, that delay is neutral as it is facially based on the trial court's crowded docket. The delay of the trial from one date in August to another date that month was based on the Commonwealth's motion, but that motion was premised upon the unavailability of a witness at the original August trial date. That delay thus was for a "valid reason," *Berry*, 680 S.W.3d at 834 (internal quotation marks and citations omitted), and does not facially reflect the Commonwealth seeking a delay to impede Risner's defense.

That leaves only the fact that the Commonwealth was not prepared to go to trial on the charge against Risner on August 15, 2023. That lack of preparation cannot reasonably be deemed a valid reason for delay since Judge Costanzo had twice stated that Risner's case had priority on that date. However, the Commonwealth stated that it prepared to go to trial on another case based on the court's usual preference to try older cases first. Though exasperating and improper, the Commonwealth's failure to prepare for Risner's trial appears to have been more negligent than to an attempt to impede Risner's defense.

On balance this factor favors the Commonwealth.

### ii. Assertion of the Right to a Speedy Trial

"The third factor we must consider is the accused's demand for a speedy trial." *Smith*, 361 S.W.3d at 917. It is uncontested that Risner asserted her right to a speedy trial in May 2023, roughly three months before the final trial date in the first case. Even though Risner did not immediately invoke her speedy trial rights, this factor on the whole weighs in her favor. Of course, "the assertion of the right to a speedy trial is not dispositive . . . ." *Miller v. Commonwealth*, 283 S.W.3d 690, 702 (Ky. 2009).

### iii. Prejudice Caused by the Delay

"Finally, we must determine how, if at all, [Risner] was prejudiced by the delay." *Smith*, 361 S.W.3d at 917. Our Supreme Court has held that there are

"three interests relevant to this inquiry . . . :  (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired." *Id.* at 917-18.  "It is the burden of the defendant to establish actual prejudice." *Preston v. Commonwealth*, 898 S.W.2d 504, 507 (Ky. App. 1995).

Risner was not in custody awaiting trial, so that prong favors the Commonwealth.  Next, Risner has not alleged specific anxiety she suffered beyond that endured by all criminal defendants.  We do not ignore the angst Risner suffered while awaiting trial, but "complaining in general terms about suffering anxiety is insufficient to state a cognizable claim.  We require an affirmative showing of unusual anxiety which extends beyond that which is inevitable in a criminal case." *Smith*, 361 S.W.3d at 918 (internal quotation marks and citations omitted).  This prong also favors the Commonwealth.

Finally, we must address the "most important" factor—whether Risner's defense was impaired by the delay.  *Miller*, 283 S.W.3d at 702.  "Our precedent clearly holds that speculative and generic claims are insufficient to support a claim of prejudice." *Id.*  Instead, a defendant must highlight matters such as "evidence which may have been lost in the time between arrest and trial" or "failures of memory" by witnesses.  *Berry*, 680 S.W.3d at 837.  Risner has not pointed to any specific lost evidence or witnesses whose memories were impaired

-18-

during the delay at hand.  Because Risner has not shown specific impairment to her defense because of the delay, this prong also favors the Commonwealth.

All three prongs of the prejudice factor favor the Commonwealth.

### iv.  All Factors Considered Together

Risner invoked her right to a speedy trial, but the remaining factors each favors the Commonwealth.  Therefore, after considering all the relevant facts and circumstances, we conclude there was not a speedy trial violation in the first case.  Consequently, even if we had found the delay to be presumptively prejudicial, we would have reversed the trial court's conclusion that Risner's speedy trial rights had been violated.

### CONCLUSION

For the foregoing reasons, the Bell Circuit Court's order dismissing the indictment against Jacqueline Risner in Bell Circuit Court Case No. 23-CR-00395 is reversed.  This matter is remanded to the Bell Circuit Court to reinstate that indictment.


ALL CONCUR.

BRIEFS FOR APPELLANT:

Russell Coleman
Attorney General of Kentucky

J. Grant Burdette
Assistant Solicitor General
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Levi Z. Turner
Middlesboro, Kentucky